**Marge Caliendo, Plaintiff-Appellant, v. Public Taxi Service, Inc., an Illinois Corporation, Defendant-Appellee.**

**Gen. No. 50,425.**

First District, Third Division.

April 21, 1966.

Charles C. Porcelli and James J. Jorgensen, of Chicago, for appellant.

Irvin Tischer and Joseph B. Lederleitner, of Chicago, for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Plaintiff's suit was dismissed for her failure to exercise reasonable diligence in obtaining the service of summons on defendant, as required by Supreme Court Rule 4(2), Ill Rev Stats ch 110, § 101.4(2) (1965). She appeals from the order of dismissal.

Plaintiff filed her complaint on April 24, 1962 to recover damages for personal injuries allegedly sustained because of the defendant's negligence, and on that day summons was issued and given to the sheriff for service. He was directed to serve the defendant at 33 South Clark Street, Chicago, Illinois, but neither the floor of the building nor the number of the room was specified. The summons was returned by the sheriff on May 25, 1962 with the notation that defendant was not found within the county.

On September 17, 1964, more than two years after the original summons was returned "Not served," plaintiff took out an alias summons which was served on the defendant on September 30, 1964. Defendant moved to dismiss the complaint on the basis of Supreme Court Rule 4(2), which provides: "If the plaintiff fails to show reasonable diligence to obtain service, the action as a whole or as to any unserved defendant may be dismissed on the application of any defendant or on the court's own motion."

Plaintiff filed an unverified answer to the motion to dismiss, asserting that the defendant should be made to appear and to defend on the merits, on the theory that defendant, in fact, had notice of the suit. The trial court asked that the parties submit their versions of the facts under oath. Defendant filed an affidavit averring that for each of the years in question, its correct address was ascertainable from various sources in which it was publicly registered; that the address in the original sum-

mons was incomplete; that defendant had never discussed settlement of plaintiff's claim; and that it had no notice of such action. Plaintiff filed no affidavits in opposition, and the court granted defendant's motion to dismiss the complaint.

██ Plaintiff contends that defendant waived objection to the service of process by filing a general, rather than a special, appearance. In support of her position, she cites Section 20(1) of the Civil Practice Act, which outlines the procedure to be followed when a party wishes to contest the court's jurisdiction. The plaintiff's reliance on Section 20(1) is not well based, as no such issue is raised with respect to the court's jurisdiction. The defendant did not assert that the court *lacked jurisdiction,* but on the contrary, invoked the court's jurisdiction by asking it to exercise its power to dismiss an action as provided in Rule 4(2).

██ Plaintiff also contends that the court abused its discretion by dismissing her complaint. She would limit the application of the sanction provided in Rule 4(2) to cases where the complainant *intentionally* postpones service of summons for an indefinite time after the statutory period has run. Although prevention of intentional delay was one of the primary reasons for the passage of Rule 4(2), the subjective test of intent is not required by the rule; rather, the criterion is one of reasonable diligence. Kohlhaas v. Morse, 36 Ill App2d 158, 183 NE2d 16, cited by plaintiff, lends no support to the proposition that the defendant must prove that the plaintiff *intentionally* delayed service. In upholding the dismissal of certain defendants the court said: "The unexplained failure to obtain service on a party until months after the statute had run could hardly be 'reasonable diligence to obtain service, . . . .'" The court went on to say that the holding was not to be understood as requiring that service be obtained within the time that suit must

be filed, but that needless delay occurring after the time to file suit had expired would be a factor to be considered in ruling on the issue of due diligence.

In the instant case, the plaintiff filed her complaint ten months before the period for bringing her action would have expired. Service was not made, however, until nearly twenty months after the statutory period had elapsed. The trial court properly dismissed the suit for want of reasonable diligence.

Judgment affirmed.

SULLIVAN, P. J. and DEMPSEY, J., concur.