SELMA SCHULTZ et al., Plaintiffs-Appellants, v. JOHN McELROY, Defendant-Appellee—(JOHN McELROY, Plaintiff and Counterdefendant-Appellee, v. KARL J. SCHULTZ, Defendant and Counterplaintiff-Appellant.)

(Nos. 55643, 55734 cons.;

First District—January 16, 1973.

Willard J. Stepek and Elliott Edelman, both of Chicago, for appellants.

Phillips and Ryan, of Chicago, (John J. Ryan, of counsel,) for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

On September 22, 1967 a collision occurred between automobiles operated by John McElroy and Karl Schultz. Selma Schultz, the wife of Karl Schultz, was a passenger in the automobile operated by her husband. In January, 1968 McElroy filed a lawsuit against Schultz for property damage and personal injury. Summons was issued and served. While that lawsuit was pending, the Schultzes filed a separate and distinct action against McElroy on September 22, 1969. Summons was issued, and the sheriff was directed to serve McElroy at 1150 Wilmette Avenue. On October 24, 1969 summons was returned unserved, because McElroy could not be found at that address. Actually, McElroy lived at

1159 Wilmette Avenue, and this address was reflected in the accident report, answers to interrogatories and a deposition wherein Schultz was represented by other counsel in his capacity as defendant.

On October 1, 1969 the sheriff was advised of the correct address, and Schultzes subsequently retained private investigators to locate McElroy. On March 24, 1970 the investigators reported that McElroy had been seen only twice in six months at his home. He had no listed telephone, kept irregular hours and was difficult to locate. Since counsel representing Schultzes in their action against McElroy were not counsel in McElroy's lawsuit against Schultzes, they were not aware of the deposition and answers to interrogatories in that lawsuit. An employee of the investigating firm, as a special deputy sheriff, served McElroy on June 3, 1970. In open court McElroy's counsel advised that he had difficulty locating his client and that he was compelled to leave phone messages at a restaurant. On McElroy's motion, the court on September 11, 1970 dismissed the Schultzes complaint "with prejudice" pursuant to Supreme Court Rule 103(b) due to Schultzes failure to use reasonable diligence in obtaining service upon McElroy. Thereupon, on November 19, 1970, Karl Schultz filed a counterclaim in the pending action of McElroy versus Schultz, asserting the same cause of action that had been dismissed on September 11, 1970. On December 7, 1970 the trial court dismissed the counterclaim. Schultzes then perfected their appeals as to both dismissals and in this court contend that:

(1) the court erred in finding that Schultzes did not use reasonable diligence in obtaining service on McElroy;

(2) the consolidation "by agreement" of the two lawsuits on June 8, 1970 constituted a waiver by McElroy as to the belated service.

In view of our reversal of the trial court on the initial contention, we need not consider the merits of the second contention, nor the dismissal of Schultz's counterclaim.

*OPINION*

Plaintiffs argue that they served the defendant within 8 months of filing their suit and that the correspondence from the investigating firm clearly establishes diligence in attempting to locate and serve defendant.

Supreme Court Rule 103(b) (Ill. Rev. Stat. 1969, ch. 110A, par. 103 (b)), provides in part:

"*Dismissed for Lack of Diligence.* If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to an unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs

after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice   *   *   *."

■■ The purpose of this rule is to protect defendants from unnecessary delays in the service of process upon them, and to safeguard against circumvention of the statutes of limitation. (*Karpiel v. La Salle National Bank of Chicago*, 119 Ill.App.2d 157, 255 N.E.2d 61). The motion to dismiss for lack of diligence is addressed to the sound discretion of the trial court. A reviewing court will not upset the trial court's ruling unless there has been an abuse of discretion. (*Mosley v. Spears*, 126 Ill.App.2d 35, 261 N.E.2d 510). There is no fixed rule which can be applied to determine whether a plaintiff has exercised reasonable diligence to obtain service; the particular facts of each case must be examined. However, in making a determination, the following factors have been considered: (1) the length of time used to obtain service; (2) the activities of the plaintiff; (3) any knowledge on the part of the plaintiff of defendant's location; (4) the ease with which defendant's whereabouts could have been ascertained; and (5) the actual knowledge by defendant of the pendency of the action. *Alsobrook v. Cote*, 133 Ill.App.2d 261, 273 N.E.2d 270.

■■ The record in the instant case reflects that plaintiffs did exercise reasonable diligence to obtain service. They filed suit on the last day before the applicable statute of limitations expired, and the summons contained an incorrect address for defendant. Plaintiffs notified the Sheriff's Office of the correct address on October 1, 1969, but the summons was returned unserved on October 24, 1969. Plaintiffs then retained an investigation firm to locate defendant. The record contains correspondence from the firm indicating that defendant could not be located despite inquiries and investigation. The alias summons was issued on May 18, 1970, and defendant was served on June 3, 1970, less than 8 months after the complaint was filed.

■■ Defendant bases his argument on the fact that plaintiffs must be charged with knowledge of defendant's correct address and that plaintiffs did nothing for almost 6 months after the summons was returned unserved. From our reading of the briefs and affidavits, we are convinced that the confusion regarding defendant's address was not the primary reason plaintiffs were unable to serve defendant promptly. Defendant could not be reached by phone and could not easily be found, as evidenced by the fact that one of his neighbors stated that he had seen the defendant only two times in the previous six months, and that defendant's attorney stated that he contacted his client by leaving a phone message at a certain restaurant. Plaintiffs hired the investigation firm to determine if defendant, in fact, lived at 1159 Wilmette Avenue.

944

In light of these circumstances and the fact that the defendant was not prejudiced by the delay since he was suing the plaintiff Karl Schultz in an action based on the same occurrence, plaintiffs' contention of diligence is amply supported. Therefore, the order of September 11, 1970 is reversed, and on remand, plaintiffs' suit must be reinstated. The consolidation order of June 3, 1970 is effective, and both suits should be tried together.

Reversed and remanded with directions.

LEIGHTON and HAYES, JJ., concur.