TERRY MEYER *et al.*, Plaintiffs-Appellants, *v.* JOHN C. WARDROP *et al.*, Defendants-Appellees.

First District (1st Division)   No. 61502

———

Opinion filed March 29, 1976.

Lane, Falasz, Pollman & Munday, of Chicago (Thomas L. Trinley, of counsel), for appellants.

Kirkland & Ellis, of Chicago (James E. Dahl, of counsel), for appellees.

Mr. JUSTICE BURKE delivered the opinion of the court:

Roy Meyer brought an action in November, 1969, as the duly appointed administrator of the estate of Terry Meyer, a deceased minor, against John Wardrop and certain other defendants. The action arises as a result of an accident in which John Wardrop allegedly drove his automobile onto a grass parkway at or near 1107 Pfingston Road in Northfield Township striking and killing Terry Meyer. Count I and Count II of the plaintiff's complaint alleged that John Wardrop, the Wilson Leasing Company, and Sang, Wardrop, and Walloway, a partnership, were liable on the basis of ordinary negligence and willful and wanton conduct under the Wrongful Death Act. (Ill. Rev. Stat. 1967, ch. 70, pars. 1 and 2.) Count III of the complaint was a dram shop action directed against six other defendants. On June 6, 1973, Count III was dismissed for plaintiff's failure to state a cause of action. On December 16, 1974, Count I and Count II were dismissed on the ground that plaintiff failed to exercise reasonable diligence in obtaining service of summons on John Wardrop pursuant to Supreme Court Rule 103(b) which provides:

> "Dismissal for Lack of Diligence. If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any

unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion." Ill. Rev. Stat. 1973, ch. 110A, par. 103(b).

Plaintiff appeals the December 16, 1974, order contending that the trial court's ruling constituted an abuse of discretion. The pertinent facts are set forth in the following chronology.

November 20, 1968—Terry Meyer, a minor, was struck and killed by an automobile driven by John Wardrop at or near 1107 Pfingston Road in Northfield Township.

November 20, 1969—Plaintiff filed an action pursuant to the Wrongful Death Act and the Dram Shop Act. This cause was assigned circuit court of Cook County No. 69 L 17012. We will refer to it as the 1969 action.

November 25, 1969—Summons directed to John Wardrop and all other defendants was issued for service.

December 22, 1969—The summons directed to John Wardrop as a member of the partnership of Sang, Wardrop and Walloway located at 1317 Pfingston Road, Glenview, was returned "not found." A notice attached to the returned summons indicated that the partnership had moved from its Glenview address.

June 6, 1973—Judge Crosson issued two separate and distinct orders relating to plaintiff's 1969 action. One order dismissed the defendants cited in the dram shop count of plaintiff's complaint on the ground that the plaintiff failed to state a cause of action. No appeal was taken on the dismissal of the dram shop count. The other order dismissed the wrongful death action for want of prosecution. However, the Wilson Leasing Company was the only defendant specified in the dismissal order. Due to an erroneous omission, John Wardrop and the defendant partnership of which Wardrop was a member were not specified as dismissed defendants in the order. Plaintiff did not at any time attempt to reinstate the 1969 wrongful death action or vacate the order dismissing the action on the ground of its erroneous omission.

October 26, 1973—Plaintiff brought a second wrongful death action against John Wardrop as the sole defendant. The cause was assigned circuit court of Cook County No. 73 L 16401. We will refer to it as the 1973 action. The complaint of the 1973 action was, in substance, similar to the complaint filed in the 1969 action.

December 12, 1973—Defendant Wardrop was served with an alias summons and a copy of the complaint of the 1969 cause of action.

January 21, 1974—Defendant Wardrop filed an appearance in the 1973 action.

January 23, 1974—Defendant filed a motion to dismiss the 1973 action on the ground that the action was not filed within the two-year period after the death of the deceased as prescribed by the Wrongful Death Act.

September 10, 1974—Defendant was served with summons and a copy of the complaint of the 1973 cause of action.

September 30, 1974—The 1973 action was dismissed for plaintiff's failure to bring the action within the two-year period prescribed by the Wrongful Death Act.

November 6, 1974—Plaintiff filed a motion for an order of default against defendant Wardrop in the 1969 action. The motion alleged that defendant had not filed an appearance or an answer in response to an alias summons served on him on December 12, 1973.

November 13, 1974—An order was issued that vacated any and all defaults against the defendant, granted leave to the defendant to file his appearance instanter in the 1969 action, and allowed defendant an extension of time in which to answer the complaint in the 1969 action.

November 27, 1974—Defendant submitted a motion to dismiss the complaint in the 1969 action on the ground of plaintiff's failure to exercise reasonable diligence in obtaining service on defendant. Included with the motion was a transcript of defendant's deposition taken June 18, 1974. The deposition reveals that defendant moved from his Glenview home to the Chicago Athletic Club approximately three months after the November, 1968 accident. Defendant maintained a mailing address at the Chicago Athletic Club as his place of residence for approximately one year. He thereafter lived in a townhouse located in Northfield for approximately one and one-half years before moving to his present home in Northfield. Since November, 1968, defendant has always been a resident of Illinois. Although the partnership of Sang, Wardrop, and Walloway had dissolved after November, 1968, defendant has always been employed as an advertising agent in the Chicago area.

December 12, 1974—After a hearing, plaintiff's 1969 action was dismissed on the ground that plaintiff failed to exercise reasonable diligence in obtaining service of summons on defendant pursuant to Supreme Court Rule 103(b). Both parties stipulated to a report of proceeding with an agreed statement of the facts.

■■ It is widely recognized that Supreme Court Rule 103(b) supplements the purpose of various statutes of limitations. (*Karpiel v. La Salle National Bank*, 119 Ill. App. 2d 157, 255 N.E.2d 61.) Limitation statutes reflect this State's public policy that defendants are to be afforded a fair opportunity to investigate the circumstances upon which liability against them is predicated while witnesses and facts are accessible. (*Geneva Construction Co. v. Martin Transfer Co.*, 4 Ill.2d 273, 122 N.E.2d 540.) Rule 103(b) operates to protect defendants from stale claims due to an inordi-

nate delay in the issuance of summons after an action has been filed within the limitation period. *Kohlhaas v. Morse*, 36 Ill. App. 2d 158, 183 N.E.2d 16; *Phifer v. Hayes*, 20 Ill. App. 3d 635, 314 N.E.2d 473.

■■ The case before us illustrates the type of situation contemplated by Rule 103(b). Defendant did not receive the first alias summons placed for service by plaintiff for the 1969 action until December 12, 1973. More than three years have passed since the two-year period prescribed by the Wrongful Death Act elapsed; more than four years have passed since the complaint in the 1969 action was filed; and more than five years have passed since the November, 1968 accident occurred. No explanation for the failure to promptly serve defendant was offered by plaintiff at the hearing before the trial court or on appeal. The record indicates that defendant Wardrop openly maintained his business and residential address in the Chicago area since the November, 1968 accident. With proper diligence and investigation, plaintiff could have promptly obtained service on defendant. We believe that plaintiff's needless delay constitutes a substantial circumvention of one of the purposes behind the two-year period prescribed by the Wrongful Death Act. Plaintiff clearly has not satisfied his burden of demonstrating that he exercised reasonable diligence in obtaining service. *Alsobrook v. Cote*, 133 Ill. App. 2d 261, 273 N.E.2d 270; see *Aranda v. Hobart Manufacturing Corp.*, 35 Ill. App. 3d 902, 342 N.E.2d 830.

Plaintiff argued at the hearing before the trial court and on appeal that defendant had waived any defense under Rule 103(b) because he filed an appearance in the 1969 action 11 months after he was served with an alias summons for the 1969 action. Plaintiff bases his waiver argument on the case of *Lovell v. Hastings*, 11 Ill. App. 3d 221, 296 N.E.2d 608.

The *Lovell* decision is factually inapposite to the instant case. In *Lovell*, the court observed that the "plaintiffs undertook considerable effort in their attempt to serve the defendant." The record here indicates that the plaintiff undertook little or no effort to promptly serve defendant Wardrop. Additionally, the defendant in *Lovell* actively participated in the defense of the action on its merits without raising any defense under Rule 103(b) in the initial stages of litigation. Here, defendant raised its defense under Rule 103(b) directly after the filing of its appearance by leave of the trial court.

■■ Furthermore, the defendant's tardiness in filing his appearance 11 months after he received service for the 1969 action was partially caused by confusion created by plaintiff. Defendant was first served with an alias summons for the 1969 action approximately one month after the complaint in the 1973 action had been filed. He appeared in the 1973 action, which had been openly pending. As we have previously noted, plaintiff made no attempt to reinstate the 1969 action, which had been dismissed

as a matter of record. It was not until nine months after defendant filed an appearance in the 1973 action that plaintiff served summons on defendant for the same 1973 action. After the 1973 action had been dismissed, the plaintiff initially raised the question of defendant's failure to file an appearance for the 1969 action. The trial court allowed defendant to file an appearance for the 1969 action instanter and ordered defendant to file responsive pleadings. Under the circumstances, it can hardly be said that defendant intentionally relinquished his right to raise a defense under Rule 103(b). Moreover, defendant's only pleading in the 1969 action was a general appearance, which does not waive objection to service of process. *Caliendo v. Public Taxi Service, Inc.*, 70 Ill. App. 2d 86, 217 N.E.2d 369; see *Phifer v. Hayes*, 20 Ill. App. 3d 635, 314 N.E.2d 473.

■■ Plaintiff lastly argues that the trial court did not consider his waiver argument at the hearing, and tht the court did not properly weigh the plaintiff's constitutional right to a trial by jury. Plaintiff cites the decision of *Galvan v. Morales*, 9 Ill. App. 3d 255, 292 N.E.2d 36, for the proposition that the consideration of deciding cases on their merits should not be forgotten. Contrary to plaintiff's assertions, the record indicates that plaintiff's waiver argument was considered and properly rejected by the trial court. Moreover, the *Galvan* decision gives plaintiff no shelter. The plaintiff in *Galvan* was found to have exercised reasonable diligence in his efforts to locate and serve the defendant. Given the record before us, we cannot find that the plaintiff at bar exercised reasonable diligence. For these reasons, the judgment is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and SIMON, J., concur.