MARION MAE LUEBBING, Plaintiff-Appellant, *v.* COPLEY MEMORIAL HOSPITAL *et al.*, Defendants-Appellees.

Second District   No. 77-1

Opinion filed June 6, 1978.

Anna D. Marek, of Ontarioville, for appellant.

Peterson, Ross, Rall, Barber & Seidel and Hinshaw, Culbertson, Moelmann, Hoban & Fuller, both of Chicago, and Roger K. O'Reilly, of Wheaton, for appellees.

Mr. JUSTICE GUILD delivered the opinion of the court:

This is an appeal from the order of the trial court dismissing plaintiff's complaint for lack of diligence in serving the defendants, pursuant to the provisions of Supreme Court Rule 103(b) (Ill. Rev. Stat. 1975, ch. 110A, par. 103(b)).

The plaintiff was injured at Copley Hospital on June 7, 1973. She was treated by Dr. Marks on or about that date. Subsequently Dr. Miller examined her, took X-rays and told her to go back to work on October 16, 1973. Plaintiff, in her brief, alleges that she discovered the basis for her malpractice action either on November 8, 1973, when a Dr. Bachman told her she had an old compression fracture, or in April 1974, when she obtained the medical records of Dr. Marks.

Plaintiff, after filing the complaint on May 28, 1975, failed to have summons issued. It was not until 10 months later when plaintiff's counsel was notified, on March 12, 1976, that the cause would be dismissed under the local no progress court rule 4.2 on March 18, 1976, that counsel obtained summons for the first time. Summons were served shortly thereafter. On September 3, 1976, the trial court dismissed this cause as to all three defendants under the provisions of Supreme Court Rule 103(b). No issue was presented, nor did the court at that time rule on whether the complaint itself had been filed within the time limitations of the pertinent provisions of the statute of limitations (Ill. Rev. Stat. 1973, ch. 83, par. 22.1).

The issue before us is whether the plaintiff acted with reasonable diligence to obtain service on the defendants within the meaning of Supreme Court Rule 103(b) and whether the trial court abused its discretion in holding that defendant did not show reasonable diligence and in dismissing the complaint.

Some confusion may have been generated in the mind of counsel for plaintiff as to the issue now before us, by the actions of two of the three defendants in the trial court. Counsel for Dr. Miller did not at first raise the issue of dismissal under Rule 103(b) but, on April 30, 1976, filed his answer to the complaint. Counsel for Copley Hospital, using the wrong date as to the filing of the complaint, moved to dismiss for failure to file within the two-year statute of limitations. This motion was properly denied by the trial court and Copley Hospital then filed its answer to the complaint. Only the law firm of Roger K. O'Reilly, upon the service of

summons upon their client Dr. Marks, 10 months after the filing of the law suit, moved the court to dismiss the complaint for lack of diligence under the provisions of Rule 103(b). Finally, counsel for Copley Hospital and counsel for Dr. Miller, the following September, moved for dismissal under Rule 103(b)—adopting the motion of defendant Marks filed some five months earlier.

Counsel for the plaintiff raises the issue of the statute of limitations having been complied with, using the date of the discovery of the injury. As a direct result of the decision in *Mosby v. Michael Reese Hospital* (1964), 49 Ill. App. 2d 336, 199 N.E.2d 633, the legislature amended the provisions of section 21 of that act by the addition of section 21.1, providing that the cause of action in a medical malpractice action arises or accrues when the party discovers or "knew or should have known" of the injury. We are fully aware of the "discovery rule" as it is applied to medical malpractice.

> "* * * in medical malpractice cases as this, the cause of action accrues when the person injured learns of his injury or should reasonably have learned of it." (*Lipsey v. Michael Reese Hospital* (1970), 46 Ill. 2d 32, 40, 262 N.E.2d 450, 455.)

Since *Lipsey* many similar opinions have been rendered by the courts of this State. Solely as a matter of reference we list a few: *Addison v. Health & Hospital Governing Com.* (1977), 56 Ill. App. 3d 533, 371 N.E.2d 1060; *Ilardi v. Spaccapaniccia* (1977), 53 Ill. App. 3d 933, 369 N.E.2d 144; *Anguiano v. St. James Hospital* (1977), 51 Ill. App. 3d 229, 366 N.E.2d 930.

However, the question of the applicability of the statute of limitations, as mentioned above, is not before this court. As we have stated, the question is whether this case was properly dismissed under Supreme Court Rule 103(b), which provides:

> "(b) Dismissal for Lack of Diligence. If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion." Ill. Rev. Stat. 1975, ch. 110A, par. 103(b).

■■■ There are numerous cases construing this rule, a few of which we will mention, but in no case have we been able to find a situation comparable to that before us. Here we have a complainant filing a law suit and not taking out, or seeking, service of summons on the defendants named therein, until 10 months later when the court advised her that the cause was going to be dismissed because of lack of progress. Counsel's

·

excuse for not taking out summons is that she did not know the extent of plaintiff's injuries until April 1974. The complaint was filed May 28, 1975, over a year *after* the discovery of the alleged malpractice. The burden is upon the plaintiff to demonstrate that she has acted with reasonable diligence to obtain service. As the court aptly observed in *Phifer v. Hayes* (1974), 20 Ill. App. 3d 635, 314 N.E.2d 473, Rule 103(b) was intended to prevent the practice whereby a plaintiff could effectively circumvent the statute of limitations by filing suit and delaying or failing to have summons issued. (See also *Kohlhaas v. Morse* (1962), 36 Ill. App. 2d 158, 183 N.E.2d 16; *Karpiel v. LaSalle National Bank* (1970), 119 Ill. App. 2d 157, 255 N.E.2d 61.) The most recent case on the issue of reasonable diligence is found in *Montero v. University of Illinois Hospital* (1978), 57 Ill. App. 3d 206, 372 N.E.2d 1010. The court, after observing that each case must be considered on its own facts and circumstances, found that the plaintiff there had failed to exercise reasonable diligence in obtaining service. Unlike the case before us, in *Montero* the plaintiff had taken out the original and three alias summons and the doctors had moved to another State. As to the whereabouts of the defendants in the instant case, the record shows that the two doctors were at the same address from the date of the injury to the date of the service of summons. Plaintiff herein did not have summons issue at the filing and only did so when the case was about to be dismissed.

We find that, beyond a doubt, plaintiff herein failed to exercise service on the defendants herein within the purview of Supreme Court Rule 103(b). The order of the trial court dismissing the complaint as to each of the three defendants is affirmed.

Affirmed.

NASH and RECHENMACHER, JJ., concur.