THE PEOPLE *ex rel.* EVELYN N. MARGETICH, Plaintiff-Appellant, *v.* JAMES E. McCARROLL, SR., Defendant-Appellee.

Third District, No. 80-615

Opinion filed June 22, 1981.

Tyrone C. Fahner, Attorney General, of Chicago (Myra Turner, Assistant Attorney General, of counsel), for appellant.

Jack C. Vieley, of Peoria, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This appeal stems from the dismissal of the plaintiff's complaint by the Circuit Court of Tazewell County. The complaint, filed on May 11, 1978, alleged that the defendant, James McCarroll, was the father of the relator's child, born March 26, 1978. For reasons not indicated in the record, service of summons was not issued, however, until August 6, 1980.

The defendant filed a motion to dismiss based upon Supreme Court Rule 103(b) (Ill. Rev. Stat. 1979, ch. 110A, par. 103(b)), which allows dismissal for failure to exercise due diligence in obtaining service prior to the expiration of the applicable statute of limitations. Subsequent to hearing arguments by counsel, the trial court granted the motion to dismiss.

Supreme Court Rule 103(b) states:

> "If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion." (Ill. Rev. Stat. 1979, ch. 110A, par. 103(b).)

No paternity action may be brought after the expiration of two years from the birth of the child. (Ill. Rev. Stat. 1979, ch. 40, par. 1354.) However, the latter provision is not, strictly speaking, a statute of limitations. It is instead a condition to the right to maintain a paternity action. *People ex rel. Getz v. Lang* (1978), 61 Ill. App. 3d 933, 378 N.E.2d 398.

The State, argues that since the two-year provision is not a "statute of limitations", Rule 103(b) can not be applied to the case at bar. We disagree.

The two-year provision is clearly a jurisdictional limitation on the right to maintain an action whether it is characterized as a precondition to suit or a statute of limitations. Reason requires an application of Rule 103(b) to the facts of this case.

504

The purpose of the rule is to protect defendants from unnecessary and intentional delays in the service of process, to safeguard against any evasions of limitations which would undermine the statutes, and to promote the expeditious handling of suits. (*Wallace v. Smith* (1979), 75 Ill. App. 3d 739, 394 N.E.2d 665; *Luebbing v. Copley Memorial Hospital* (1978), 60 Ill. App. 3d 780, 377 N.E.2d 345; *Schultz v. McElroy* (1973), 9 Ill. App. 3d 940, 293 N.E.2d 353; *Karpiel v. LaSalle National Bank* (1970), 119 Ill. App. 2d 157, 255 N.E.2d 61.) To allow the State to serve process on the defendant in this case at a time when the action could no longer have been initiated would be an injustice to the defendant tantamount to an evasion of a statute of limitations.

Where Rule 103(b) has been applied, the absence of a showing of any substantial prejudice to the defendant arising out of the delay in service has not entitled the plaintiff to relief from the sanction. (*Karpiel v. LaSalle National Bank* (1970), 119 Ill. App. 2d 157, 255 N.E.2d 61.) Instead, the burden of demonstrating the exercise of reasonable diligence in the service of process rests on the plaintiff. (*Luebbing v. Copley Memorial Hospital* (1978), 60 Ill. App. 3d 780, 377 N.E.2d 345; *Montero v. University of Illinois Hospital* (1978), 57 Ill. App. 3d 206, 372 N.E.2d 1010; *Martin v. Lozada* (1974), 23 Ill. App. 3d 8, 318 N.E.2d 334; *Lee v. Decker* (1974), 17 Ill. App. 3d 93, 307 N.E.2d 773.) Several factors must be examined to determine whether the plaintiff has carried his burden. These factors are:

> "(1) the length of time used to obtain service; (2) the activities of the plaintiff; (3) any knowledge on the part of the plaintiff of the defendant's location; (4) the ease with which the defendant's whereabouts could have been ascertained; (5) the actual knowledge by the defendant of the pendency of the action; and (6) special circumstances which would affect the efforts made by the plaintiff." *Licka v. William A. Sales, Ltd.* (1979), 70 Ill. App. 3d 929, 937, 388 N.E.2d 1261, 1267.

In this case, the record is devoid of any evidence pertaining to any factors from which it could be inferred that the delay in serving the defendant was reasonable under the circumstances. Accordingly, we find no abuse of discretion on the part of the trial court in dismissing the complaint. Therefore, the order of dismissal entered by the Circuit Court of Tazewell County is affirmed.

Affirmed.

BARRY and HEIPLE, JJ., concur.