VIKING DODGE INCORPORATED, Plaintiff-Appellant, v. DAVID HOFMANN, Defendant-Appellee.

Third District   No. 3—87—0156

Opinion filed October 8, 1987.

Stefanich, McGarry, Wols & Okrei, Ltd., of Joliet (Bennett J. Braun, of counsel), for appellant.

Herschbach, Tracy, Johnson, Bertani & Wilson, of Joliet (Louis R. Bertani, of counsel), for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

On July 30, 1980, the defendant, David Hofmann, damaged a car owned by the plaintiff, Viking Dodge Incorporated.

In September of 1982 the plaintiff filed suit against the defendant for property damage.

On October 7, 1982, the summons was returned stating that the defendant was away at school and his present address was un-

known. The plaintiff next attempted to serve the defendant by registered mail. The second summons was returned unopened with the notation "no longer at this address" written on the envelope.

The plaintiff then filed with the Illinois Secretary of State a copy of the summons and complaint pursuant to section 10—301 of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 10—301), which allows service of process upon a nonresident. On December 23, 1982, a default judgment was entered against the defendant.

On February 11, 1985, the defendant filed a special and limited appearance and a motion to quash the summons and vacate the default judgment. Following numerous continuances, the trial court denied the motion on November 7, 1985. During the pendency of the motion, on July 30, 1985, the five-year statute of limitations on the claim expired.

The trial court's disposition of the motion to vacate was appealed to this court and in an opinion dated September 23, 1986, we reversed the order. This court held that the defendant was an Illinois resident and service under section 10—301 was improper. (See *Viking Dodge, Inc. v. Hoffman* (1986), 147 Ill. App. 3d 203, 497 N.E.2d 1346.) This court's decision came nearly 14 months outside of the statute of limitations.

On November 12, 1986, the plaintiff served the defendant's father at his home, the same address to which the initial summons was brought and the second summons mailed to. This service was made nearly 16 months after the expired statute of limitations deadline.

On November 26, 1986, the defendant sought to dismiss the complaint with prejudice pursuant to Supreme Court Rule 103(b), which permits the court to dismiss with prejudice an action where the plaintiff fails to exercise diligence in obtaining service after the statute of limitations has expired. (107 Ill. 2d R. 103(b).)

After hearing, on January 21, 1987, the trial court dismissed the complaint with prejudice. The plaintiff appeals the trial court's order asserting that the trial court abused its discretion.

■■ A motion for dismissal for lack of diligence to obtain service of summons is addressed to the sound discretion of the trial court, and it is only when there is an abuse of discretion that a reviewing court will interfere. *Mosley v. Spears* (1970), 126 Ill. App. 2d 35, 261 N.E.2d 510.

■■ The purpose of paragraph (b) of this rule is to protect defendants from unnecessary and intentional delays in the service of process, to safeguard against any evasions of limitations which

would undermine the statutes, and to promote the expeditious handling of suits. (*People ex rel. Margetich v. McCarroll* (1981), 97 Ill. App. 3d 502, 423 N.E.2d 266.) The rule does not set a specific time limitation within which a defendant must be served, but it does put the burden upon the plaintiff to show that he has exercised reasonable diligence to obtain service. (*Alsobrook v. Cote* (1971), 133 Ill. App. 2d 261, 273 N.E.2d 270.) To be protected by the prescriptions of paragraph (b) of the rule, defendant need not show that he was prejudiced by the complained of delay in service of process. Rather, it is incumbent upon plaintiff to demonstrate that he obtained prompt service. *Lee v. Decker* (1974), 17 Ill. App. 3d 93, 307 N.E.2d 773.

■ There is no fixed rule or absolute standard which can be universally applied to determine whether a plaintiff has exercised reasonable diligence to obtain service; each case, of necessity, must be judged and evaluated on its own peculiar facts and circumstances. Courts, however, in making a determination have looked to a number of factors, including: (1) the length of time used to obtain service of process, (2) the activities of the plaintiff, (3) any knowledge on the part of the plaintiff of the defendant's location, (4) the ease with which the defendant's whereabouts could have been ascertained, (5) the actual knowledge by the defendant of the pendency of the action as the result of ineffective service, and (6) special circumstances which would affect the efforts made by the plaintiff. *Schultz v. McElroy* (1973), 9 Ill. App. 3d 940, 293 N.E.2d 353.

■ The record in the instant case is devoid of sufficient evidence from which it could be inferred that the delay in proper service was reasonable. The record indicates that the defendant lived with his parents since 1964 except for intermittent absences from the State to attend college. As this court made clear in the earlier appeal, substituted service on the Secretary of State pursuant to the nonresident motor statute will confer no jurisdiction over the person of an Illinois resident.

The prior invalid service did not relieve the plaintiff from its burden to obtain valid service of process within the diligence requirements of Supreme Court Rule 103(b). The successful service made in November of 1986 demonstrates that the defendant was amenable to service at his Illinois address at an earlier date, had the plaintiff been diligent in obtaining it.

We conclude that, based upon the totality of the circumstances, the policies this rule was designed to promote, and the objective inquiry which is mandated by its case law, the plaintiff has exhibited

a lack of reasonable diligence.

For the foregoing reasons we affirm the order of the circuit court of Will County.

Affirmed.

HEIPLE and SCOTT, JJ., concur.