HELENE DUPON, Plaintiff-Appellant, v. GERALD KAPLAN, Defendant-Appellee.

First District (5th Division)   No. 85—1460

Opinion filed November 13, 1987.

Susan E. Loggans & Associates, of Chicago (David A. Novoselsky, of counsel), for appellant.

French, Rogers, Kezelis & Kominiarek, P.C., of Chicago (Michael C. Kominiarek, Russell P. Veldenz, and Thaddeus J. Gustafson, of counsel), for appellee.

JUSTICE PINCHAM delivered the opinion of the court:
Plaintiff, Helene Dupon, appeals the trial court's dismissal of her malpractice complaint against defendant, Gerald Kaplan, M.D. The

trial court ruled that pursuant to the provisions of Illinois Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)), Dupon failed to use reasonable diligence in obtaining service of process on Kaplan and dismissed her complaint.[1]

Dupon's complaint was filed January 18, 1984. The same day Dupon filed her complaint she instructed the sheriff to serve summons on Kaplan at his medical office at 467 Deming Place in Chicago. The sheriff unsuccessfully attempted to serve summons on Kaplan at his office on the following dates and hours:

> January 18, 1984, at 9:30 a.m.
> January 31, 1984, at 6:00 p.m.
> February 4, 1984, at 10:30 a.m.

The sheriff returned the summons on March 6, 1984, with notations for said dates of "no contact" and "not in." Dupon issued an alias summons to Kaplan on March 27, 1984. Service of process was again unsuccessfully attempted on Kaplan at his office at 467 Deming Place on the following dates and times:

> April 12, 1984, at 9:00 a.m.
> April 14, 1984, at 11:00 a.m.
> April 16, 1984, at 2:00 p.m.
> April 17, 1984, at 4:00 p.m.
> April 26, 1984, at 1:30 p.m.

Kaplan does not deny that service was attempted by the sheriff on the aforesaid dates and hours, that his office was staffed by office personnel on the aforesaid dates and hours, or that 467 Deming Place was his correct medical office address.

Following these unsuccessful attempts, the sheriff noted "no contact" on the alias summons and filed the return in the circuit court of Cook County on April 30, 1984.

The trial court granted Dupon's motion to appoint a special process server on November 15, 1984. Five days later, on November 20, the special process server was able to serve Kaplan at Columbus Hospital. A month thereafter, on December 19, 1984, Kaplan's attorney entered an appearance in the trial court and filed a motion to dismiss alleging that Dupon failed to exercise reasonable diligence in serving

---

[1]Dupon's complaint alleged that Kaplan improperly performed surgery when he removed a tumor from her right forearm on March 2, 1982. In Dupon's answers to Kaplan's interrogatories and response to his motion to dismiss, Dupon stated that she lost neuromuscular function in her right hand and that another physician diagnosed the condition of her right hand and arm on March 8, 1983, as "damage to the radial nerve supplying the long finger extensors," which was the result of surgery performed on March 2, 1982.

Kaplan with process. By affidavit, Kaplan attested that for the past three years his office had been located at 467 Deming Place, that his home address was 340 Diversey Parkway in Chicago, and that he was listed in the Chicago telephone directory and the Chicago yellow pages.

The trial court granted Kaplan's motion and dismissed Dupon's complaint with prejudice, stating that Dupon had not exercised due diligence in attempting service upon Kaplan. We reverse.

Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)) states:

> "If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion."

██ █ The purpose of Rule 103(b) is to protect a defendant from unnecessary and intentional delays in the service of process, to safeguard against willful evasions of limitations periods which would undermine the pertinent statutes and to promote the expeditious filing of lawsuits. (*People ex rel. Margetich v. McCarroll* (1981), 97 Ill. App. 3d 502, 504, 423 N.E.2d 266.) A dismissal of an action pursuant to Rule 103(b) for lack of diligence is within the sound legal discretion of the trial court and will only be disturbed when there has been an abuse of that discretion. (*North Cicero Dodge, Inc. v. Victoria Feed Co.* (1987), 151 Ill. App. 3d 860, 863, 503 N.E.2d 868.) There is no fixed rule or absolute standard which can be applied to determine whether a plaintiff's efforts to obtain service were reasonable. (*Galvan v. Morales* (1972), 9 Ill. App. 3d 255, 258, 292 N.E.2d 36.) Instead, the trial court is to consider the particular facts and circumstances of each case. (9 Ill. App. 3d at 258.) The standard for determining reasonable diligence is an objective one, and the burden is on the plaintiff to show that he has exercised reasonable diligence in his efforts to obtain service. (*Hanna v. Kelly* (1980), 91 Ill. App. 3d 896, 898, 414 N.E.2d 126.) The factors that a court will consider to determine whether the plaintiff has exercised reasonable diligence include: (1) the length of time used to obtain service; (2) the activities of the plaintiff; (3) the plaintiff's knowledge of the defendant's location; (4) the ease with which the defendant's location could have been ascertained; (5) the actual knowledge by the defendant of the pendency of

the action; and (6) special circumstances which would affect the plaintiff's efforts. *Licka v. William A. Sales, Ltd.* (1979), 70 Ill. App. 3d 929, 937, 388 N.E.2d 1261.

■ The facts and circumstances of the case at bar convince us that the trial court abused its discretion by granting Kaplan's motion to dismiss under Rule 103(b). We believe Dupon exercised reasonable diligence to obtain service on Kaplan. When Dupon filed her complaint on January 18, 1984, she also on that date issued a summons and the sheriff promptly made three unsuccessful attempts within 16 days to serve Kaplan at his office, on January 28, January 31, and February 4. The summons noted that the reason Kaplan had not been served was that he was "not in." These immediate attempts to serve Kaplan at his proper address establish that Dupon was diligent in her attempts to obtain service. In *Schultz v. McElroy* (1973), 9 Ill. App. 3d 940, 943, 293 N.E.2d 353, the appellate court considered a period of seven months after the summons was returned unserved not to be an unreasonable period of time in which to again obtain service. The trial court's motion to dismiss under Rule 103(b) was reversed.

■ On March 27, 1984, Dupon issued an alias summons and again unsuccessfully attempted to serve Kaplan. Service was attempted at Kaplan's office on five occasions in April 1984. Obtaining an alias summons to attempt service at the same address was reasonable since there was no indication that this was not a correct address for Kaplan or that he should not be expected to be found at this location. Dupon's efforts to obtain service through an alias summons are relevant to the question of reasonable diligence. (*Licka v. William A. Sales, Ltd.* (1979), 70 Ill. App. 3d 929, 937, 388 N.E.2d 1261.) In *Licka*, the court stated that although 13 months had elapsed between the filing of the first amended complaint and the time of service, the plaintiff's efforts to obtain service upon the defendant, including the filing of an alias summons, was a factor the trial court should have considered and that it abused its discretion in dismissing the action by focusing solely upon the 13-month period of delay. The court in *Licka* noted that while the overall period of time was one factor to consider, the plaintiff's "period of inactivity" also should have been considered in determining whether the plaintiff had made reasonable efforts to obtain service. The court rejected rigid comparisons of time periods and concluded:

> "While the length of time necessary to obtain service in the case at bar, 13 months, bears superficial resemblance to the time periods in *Montero, Mosley, Piscitello*, and *Faust*, the coincidence has no talismanic effect. Rather, each case must be

decided on its own particular facts, and having examined the facts of this case in light of the relevant factors, we find that plaintiff exercised reasonable diligence and that the trial court abused its discretion in dismissing the action." 70 Ill. App. 3d at 938.

When the sheriff failed to serve Kaplan through an alias summons after the fifth attempt, Dupon's attorney acquired an alternative address for Kaplan and filed a motion on November 15, 1984, requesting that the trial court appoint a special process server to await Kaplan's arrival at Columbus Hospital. This motion was granted and Kaplan was served five days later, on November 20, 1984.

Dupon exercised reasonable diligence in effecting service upon Kaplan. We are unpersuaded by the fact that seven months elapsed from April 26, 1984, when the eighth attempt was made to serve Kaplan at his office with an alias summons, to November 20, 1984, when Kaplan was served at Columbus Hospital, and that 10 months elapsed between the day the complaint was filed, January 18, 1984, and November 20, 1984. The original and alias summonses asked the sheriff to attempt service at Kaplan's correct office address. Kaplan's contention that the sheriff should have been initially sent to Columbus Hospital where Kaplan practices with many other doctors was not required since Kaplan's office was not located at the hospital. When the sheriff was unable to serve Kaplan at his office, Dupon's attorney attempted to locate an alternative address where Kaplan could be served. When this was unsuccessful, the trial court granted Dupon's motion to use a private process server, whom Dupon paid to wait at Columbus Hospital until Kaplan appeared. The following cases Kaplan brings to our attention where the cause of action was dismissed under Rule 103(b) are not analogous to the case at bar for the reason that in none of them were there eight unsuccessful attempts made in three months to serve the defendant at his undisputed office address after the complaint was filed. Likewise, in none of these cases was a special process server successful in serving the defendant with an alias summons within five days after his appointment: *Penrod v. Sears, Roebuck & Co.* (1986), 150 Ill. App. 3d 125, 501 N.E.2d 367 (Rule 103(b) motion granted. Appellate court ruled there was no due diligence. Plaintiff made no inquiry of the clerk's office concerning the summons until four months after complaint was filed. Defendant served with alias summons seven months after complaint was filed, which was more than eight months after statute of limitations expired); *Luebbing v. Copley Memorial Hospital* (1978), 60 Ill. App. 3d 780, 377 N.E.2d 345 (summons obtained for the first time 10 months after complaint

was filed); *Mosley v. Spears* (1970), 126 Ill. App. 2d 35, 261 N.E.2d 510 (defendants served 13 months after complaint was filed); and *Karpiel v. La Salle National Bank* (1970), 119 Ill. App. 2d 157, 225 N.E.2d 61, (summons served a few days short of 14 months after an amended complaint was filed).

■■ Concerning the issue Kaplan raises as to when the statute of limitations began, we will follow the decisions of two medical malpractice cases, *Bebee v. Fields* (1979), 79 Ill. App. 3d 1009, 1015, 398 N.E.2d 1214, and *Licka v. William A. Sales, Ltd.* (1979), 70 Ill. App. 3d 929, 936, 388 N.E.2d 1261, where the appellate court stated that once a plaintiff's allegation as to when she knew or had reasonable grounds to know of the negligent cause of her injury has withstood a motion to dismiss, the preferable alternative is to remand, thereby permitting the defendant to put the matter in issue as a question of fact by filing an answer.

Accordingly, we reverse the judgment of the circuit court of Cook County and remand for further proceedings consistent with this opinion.

Reversed and remanded.

RIZZI and HARTMAN, JJ., concur.