WILLIAM SEGAL, Plaintiff-Appellant, v. EUGENE SACCO *et al.*, Defendants-Appellees.

First District (3rd Division) No. 87—1445

Opinion filed September 28, 1988.

WHITE, P.J., dissenting.

Louis S. Goldstein, of Chicago (Michael W. Rathsack, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Myra J. Brown, and Rebecca J. Davidson, Assistant State's Attorneys, of counsel), for appellees.

JUSTICE McNAMARA delivered the opinion of the court:

The sole issue on appeal is whether plaintiff William Segal showed that he exercised reasonable diligence where he waited 4½ months to obtain service of process on defendants Eugene Sacco and Charles Thornton. The trial court dismissed the complaint for failure to show due diligence pursuant to Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)), and plaintiff appeals that dismissal.

On December 8, 1983, plaintiff was allegedly assaulted by defendants, both deputy sheriffs. On December 9, 1985, plaintiff filed this action. The complaint was not placed for service at that time. On April 24, 1986, plaintiff moved for the appointment of a special process server, and defendants were served on April 29, and May 5, 1986. On November 17, 1986, the court granted defendants' section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619) motion to dismiss the complaint for failure to exercise reasonable diligence in serving defendants.

■ Supreme Court Rule 103(b) provides that the action may be dismissed with prejudice where "reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations." (107 Ill. 2d R. 103(b).) There is no fixed rule to determine whether

plaintiff exercised reasonable diligence. The factors a court may consider include (1) the length of time used to obtain service of process; (2) the activities of plaintiff; (3) plaintiff's knowledge of defendant's location; (4) the ease with which defendant's whereabouts could have been ascertained; (5) actual knowledge of defendant of pendency of action as a result of ineffective service; (6) special circumstances which would affect plaintiff's efforts; and (7) actual service on defendant. *Connaughton v. Burke* (1977), 46 Ill. App. 3d 602, 361 N.E.2d 87; *Meyer v. Wardrop* (1976), 37 Ill. App. 3d 243, 345 N.E.2d 762; *Alsobrook v. Cote* (1971), 133 Ill. App. 2d 261, 273 N.E.2d 270.

Dismissal under Rule 103(b) is within the sound discretion of the trial court, and the court's judgment will not be disturbed absent an abuse of discretion. (*Mares v. Metzler* (1980), 87 Ill. App. 3d 881, 409 N.E.2d 447.) The burden is on plaintiff to show he exercised reasonable diligence to obtain service. *Alsobrook v. Cote* (1971), 133 Ill. App. 2d 261, 273 N.E.2d 270.

▪ Rule 103(b) supplements the purpose of statutes of limitations and operates to protect defendants from stale claims. Thus, it affords defendants a fair opportunity to investigate the circumstances while witnesses and facts are accessible. (*Meyer v. Wardrop* (1976), 37 Ill. App. 3d 243, 345 N.E.2d 762.) Initially we note that there is no indication in the record, nor do defendants argue, that the 19 weeks of inactivity between filing the complaint and issuing summons caused evidence to grow stale, witnesses to become out of reach, or memories to lapse. Indeed, it would be difficult to establish such a contention where the time period is this short.

The key dates here are the December 9, 1985, filing of the complaint, and the April 24, 1986, placement of the summonses for service. The first factor, length of time used to obtain service of process, is determinative here. The other factors need not be addressed at length in a case such as this, where plaintiff makes no pretense of having searched telephone books, various registration directories, or performed other activities in search of defendants. Plaintiff acknowledges that he simply did not place the summonses for service after filing the action.

We find the vast majority of cases dismissing an action pursuant to Rule 103(b) involve periods of time far beyond the 19 weeks here. While we in no way indicate a rigid comparison of lengths of time necessary to obtain service provides determinative guidelines, the overall pattern of cases indicates the time here was simply too short to permit dismissal with prejudice of the entire action. We cannot find that plaintiff's delay threatened the trial court's ability to "proceed expeditiously

to a just resolution of the matter before it" because plaintiff's "failure [to exercise due diligence] continue[d] *long after* the expiration of the statute of limitations." (Emphasis added.) *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 282, 492 N.E.2d 1322, 1326.

For cases where the court found the time unreasonable and dismissed the case, see, *e.g.*, *Viking Dodge Inc. v. Hofmann* (1987), 161 Ill. App. 3d 186, 514 N.E.2d 248 (16 months between expiration of statute of limitations and service), *North Cicero Dodge, Inc. v. Victoria Feed Co.* (1987), 151 Ill. App. 3d 860, 503 N.E.2d 868 (20 months), *Penrod v. Sears, Roebuck & Co.* (1986), 150 Ill. App. 3d 125, 501 N.E.2d 367 (seven months between issuance of summons and delivery to sheriff for service), *Gatto v. Nelson* (1986), 142 Ill. App. 3d 284, 492 N.E.2d 1 (27 months), *People ex rel. Margetich v. McCarroll* (1981), 97 Ill. App. 3d 502, 423 N.E.2d 266 (27 months), *Wallace v. Smith* (1979), 75 Ill. App. 3d 739, 394 N.E.2d 665 (2½ years), *Piscitello v. Barton* (1978), 66 Ill. App. 3d 451, 384 N.E.2d 47 (13 months after original summons returned unserved), *Luebbing v. Copley Memorial Hospital* (1978), 60 Ill. App. 3d 780, 377 N.E.2d 345 (summons obtained 10 months after complaint filed), *Phifer v. Hayes* (1974), 20 Ill. App. 3d 635, 314 N.E.2d 473 (five years), *Lee v. Decker* (1974), 17 Ill. App. 3d 93, 307 N.E.2d 773 (42 months), *Department of Mental Health v. Kendall* (1973), 15 Ill. App. 3d 881, 305 N.E.2d 389 (3¼ years after first summons returned unserved), *Alsobrook v. Cote* (1971), 133 Ill. App. 2d 261, 273 N.E.2d 270 (2½ years), *Ray v. Bokorney* (1971), 133 Ill. App. 2d 141, 272 N.E.2d 836 (three years after filing, trial court dismissed, followed by plaintiff's first attempt to find defendant and serve him), *Mosley v. Spears* (1970), 126 Ill. App. 2d 35, 261 N.E.2d 510 (13 months), *Karpiel v. La Salle National Bank* (1970), 119 Ill. App. 2d 157, 255 N.E.2d 61 (14 months), and *Caliendo v. Public Taxi Service, Inc.* (1966), 70 Ill. App. 2d 86, 217 N.E.2d 369 (30 months).

Even the cases involving shorter lengths of time, where the court found unreasonable delay, do not approach the 19-week delay presented here. (See, *e.g.*, *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, 492 N.E.2d 1322 (eight months).) There are few cases available which involve either a very short period of time, or a finding that the cause should not have been dismissed for lack of due diligence. See, *e.g.*, *Dupon v. Kaplan* (1987), 163 Ill. App. 3d 451, 516 N.E.2d 727 (10 months not unreasonable where eight unsuccessful attempts in three months to serve defendant at his office); *Licka v. William A. Sales, Ltd.* (1979), 70 Ill. App. 3d 929, 388 N.E.2d 1261 (service 13 months after filing complaint, efforts to find defendant extensive); *Schultz v. McElroy* (1973), 9 Ill. App. 3d 940, 293 N.E.2d 353 (seven months after

summons returned unserved is not unreasonable period of time in which to again obtain service).) While plaintiff made no attempt to obtain service, and thus several cases may be factually distinguishable as to that single factor, we find that the circumstances presented here do not justify an order of dismissal. Nor do we believe that the fact plaintiff utilized private process servers has any relevance to the issue of his diligence in effecting service.

We conclude that the trial court abused its discretion in dismissing this action.

For the foregoing reasons, the order of the circuit court of Cook County dismissing the cause with prejudice is reversed, and the cause is remanded for further proceedings consistent with the views contained herein.

Judgment reversed and remanded.

FREEMAN, J., concurs.

PRESIDING JUSTICE WHITE, dissenting:

The majority misapprehends the issue in this appeal. I note that because the mistake leads to error in its conclusion. The issue here is not, as the majority says, "whether plaintiff William Segal showed that he exercised reasonable diligence where he waited 4½ months to obtain service of process on defendants" (175 Ill. App. 3d at 505); rather, it is whether the trial court abused its discretion in holding that plaintiff failed to exercise reasonable diligence and granting defendants' motion to dismiss pursuant to Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)). That rule provides that an action may be dismissed with prejudice, "[i]f the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations." (107 Ill. 2d R. 103(b).) The majority correctly states there "is no fixed rule to determine whether plaintiff exercised reasonable diligence" and that "[d]ismissal under Rule 103(b) is within the sound discretion of the trial court and the judgment will not be disturbed absent an abuse of discretion." (175 Ill. App. 3d at 505-06.) However, after this lip service to the law, the majority rules contrarily on the basis that "the time here was simply too short to permit dismissal with prejudice." (175 Ill. App. 3d at 506.) Consequently, I dissent.

The subject of this appeal is an order entered by the circuit court of Cook County which dismissed plaintiff's complaint with prejudice.

The record reveals that on December 9, 1985, plaintiff filed a complaint seeking damages for personal injuries allegedly suffered by him

resulting from acts of assault and battery by defendants on December 8, 1983. Thus, plaintiff's complaint was filed the day before the applicable statute of limitations expired. (Ill. Rev. Stat. 1985, ch. 110, par. 13—202.) Plaintiff did not, however, cause summonses for defendants or copies of the complaint to be placed for service with the sheriff. On April 24, 1986, plaintiff brought a motion requesting the entry of an order appointing three individuals as special process servers. The court granted plaintiff's motion, the summonses to defendants were issued, and defendants were served thereafter. Defendants subsequently brought a motion to vacate orders of default and for leave to file their appearances and pleadings *instanter*. Defendants' motion was granted, and they then filed a motion to dismiss plaintiff's complaint with prejudice, pursuant to Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)), for failure to exercise due diligence in obtaining service of process.

Defendants' motion to dismiss was scheduled for hearing on October 16, 1986. On that date, plaintiff's counsel appeared and requested a continuance of the hearing. The court allowed plaintiff's request and the matter was set for November 17, 1986. Plaintiff failed to appear on that date and defendants' motion to dismiss was granted. Plaintiff thereafter filed a motion to vacate the order of dismissal which was denied by the trial court. On appeal, plaintiff claims that he exercised reasonable diligence in obtaining service upon defendants and that the trial court erred in dismissing his cause of action.

Supreme Court Rule 103(b) provides as follows:

> "If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion." 107 Ill. 2d R. 103(b).

The purpose of this rule is to protect defendants from unnecessary delays in the service of process and to prevent the circumvention of statutes of limitation. (*Hanna v. Kelly* (1980), 91 Ill. App. 3d 896, 414 N.E.2d 1262.) Yet, this rule is not based upon the subjective test of plaintiff's intent but rather upon the objective test of reasonable diligence in effecting service. (*Phifer v. Hayes* (1974), 20 Ill. App. 3d 635, 314 N.E.2d 473.) The burden is on the plaintiff to show that he has exercised reasonable diligence to obtain service, and the defendant need not establish that he has been prejudiced by the delay. *Gatto v.*

510

*Nelson* (1986), 142 Ill. App. 3d 284, 492 N.E.2d 1; *Greenwood v. Blondell* (1980), 85 Ill. App. 3d 186, 406 N.E.2d 204.

Although each case must be decided on its own particular facts and circumstances, six factors commonly have been used in evaluating dismissals under Rule 103(b): (1) the amount of time taken to obtain service; (2) the efforts of the plaintiff; (3) plaintiff's knowledge of the defendant's location; (4) the ease with which defendant's location could have been determined; (5) actual knowledge by the defendant of the pendency of the action; and (6) special circumstances affecting plaintiff's efforts. *Gatto v. Nelson* (1986), 142 Ill. App. 3d 284, 492 N.E.2d 1; *Greenwood v. Blondell* (1980), 85 Ill. App. 3d 186, 406 N.E.2d 204.

In the instant case, plaintiff filed his complaint on December 9, 1985, just before the two-year statute of limitations expired. He knew where defendants worked and could have located defendants for service at their place of employment or through their employer. Yet, plaintiff made no effort to have summonses issued by the clerk or served until 4½ months after the complaint was filed and the statute of limitations had expired. There is no evidence that plaintiff had any difficulty in locating defendants or that there were prior unsuccessful attempts at service. Indeed, plaintiff offered no excuse for failing to have the summonses issued and served earlier.

A party to a lawsuit has a nondelegable duty to take all necessary steps to bring his case to a prompt conclusion. It was the plaintiff's duty here to (1) assure that the summonses were issued by the clerk; (2) deliver the summonses for service by the sheriff or a special process server; and (3) see that a prompt and proper return was made by the process server. Plaintiff's failure for over four months to obtain prompt issuance of the summonses and to deliver them for service shows a lack of due diligence. (See *Penrod v. Sears, Roebuck & Co.* (1986), 150 Ill. App. 3d 125, 501 N.E.2d 367; *Luebbing v. Copley Memorial Hospital* (1978), 60 Ill. App. 3d 780, 377 N.E.2d 345.) In the words of the majority, "Plaintiff acknowledges that he simply did not place the summonses for service after filing the action." (175 Ill. App. 3d at 506.) In the absence of a satisfactory explanation, the delay in effecting service on defendants clearly was unreasonable. *Gatto v. Nelson* (1986), 142 Ill. App. 3d 284, 492 N.E.2d 1.

In light of the passage of time, plaintiff's inactivity, his knowledge of defendants' whereabouts, and the ease with which service could have been accomplished, I cannot conclude with the majority that the trial court's dismissal of plaintiff's complaint was an abuse of its discretion.

Therefore, I dissent.