MELDOC PROPERTIES, Plaintiff-Appellee, v. HELEN PREZELL, Defendant-Appellant (Dave Prezell, Indiv. and d/b/a Italian Connection, and as Successor in Interest to Prezell of Woodridge, Inc., formerly d/b/a Barone's of Woodridge, Defendants).

Second District No. 2—86—1040

Opinion filed July 23, 1987.

Kenneth A. Abraham and Mark D. Nomady, both of Kenneth A. Abraham & Associates, P.C., of Darien, for appellant.

Jones & McJoynt, of Downers Grove, and Jerry R. Lipschultz, of Bossov, Lipschultz & Associates, of Chicago, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, Helen Prezell, appeals from a judgment in the amount of $20,000 entered against her and her ex-husband, Dave Prezell, individually and d/b/a Italian Connection, and as successor in interest to Prezell of Woodridge, Inc., a dissolved Illinois corporation, formerly d/b/a Barone's of Woodridge. On appeal, Helen Prezell contends that the trial court lacked jurisdiction over her.

Preliminarily, we note that plaintiff has not filed a brief. Pursuant to the principles enunciated in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, we will address the merits of the appeal. On March 12, 1986, plaintiff, Meldoc Properties, filed a complaint in forcible entry and detainer against defendants. As damages, plaintiff sought the sum of $17,994.39. Defendants, Helen Prezell and Dave Prezell, had personally guaranteed the tenant's performance in the event of default on the part of Prezell of Woodridge, Inc., d/b/a Barone's of Woodridge. Service was made on defendant Dave Prezell. Service on defendant Helen Prezell was apparently attempted, without success, on May 14, 1986. However, on April 3, 1986, attorney Jerry R. Lipschultz entered an appearance on behalf of all the defendants. The attorney filed an answer on defendants' behalf.

On August 22, 1986, after receiving a letter from attorney Lipschultz dated July 29, 1986, defendant Helen Prezell, through retained counsel, entered a special and limited appearance and a motion to strike the appearance of Lipschultz as her attorney. In her motion, defendant alleged that she had not been served with process, and she alleged that she had no knowledge of the pending lawsuit until she received a letter from attorney Lipschultz. She further alleged that Lipschultz had appeared on her behalf without her knowledge or consent and that she did not so consent. Helen Prezell represented that the defendants' interests were adverse and hostile such that attorney Lipschultz could not fairly represent her, and that at the time of the purported service on Dave Prezell, the parties were no longer married and were living apart. Helen Prezell requested that the appearance on her behalf by attorney Lipschultz be stricken, that any orders already entered against her be vacated, and that she be dismissed as a party defendant for lack of *in personam* jurisdiction. In a separate affidavit, Helen Prezell swore under oath that the allegations in the motion were true. Attached to her motion was a letter from attorney Lipschultz in which he advised Helen Prezell that: he had been retained by Helen's ex-husband, Dave Prezell; Dave Prezell had requested him to appear in both his and Helen's names; and attorney Lipschultz had

filed an appearance in both their names. He then advised Helen that she faced possible exposure for any judgment, and he suggested that she might wish to retain a lawyer or contact him to represent her.

On August 22, 1986, after a short hearing, the trial court denied the motion of defendant Helen Prezell, indicating that possibly Helen would have some type of claim against attorney Lipschultz. On September 12, 1986, an "agreed" order was entered against defendants in the amount of $20,000, with defendants agreeing to complete repairs to the premises at their own expense. On September 19, 1986, Helen Prezell filed a notice of interlocutory appeal from the order denying her motion to strike. Then on October 7, 1986, she filed a motion to vacate the judgment. After hearing argument, the trial court denied the motion to vacate on October 24, 1986. Thereafter, on October 31, 1986, defendant Helen Prezell filed a notice of appeal.

 We must first address the procedural posture of this case to determine what part, if any, of the proceedings below are properly before us on this appeal. On September 19, 1986, within 30 days of the denial of defendant's motion to strike and within 30 days of the judgment order, a notice of appeal entitled "Notice of Interlocutory Appeal," purporting to be an appeal from the denial of the motion to strike, was filed by defendant Helen Prezell. If this was a proper notice of appeal, the trial court's later order denying the defendant's motion to vacate was without effect because filing of a proper notice of appeal divests the trial court of jurisdiction. (*Weilmuenster v. H. H. Hall Construction Co.* (1979), 72 Ill. App. 3d 101, 105.) The defendant's appeal was from a nonfinal order not encompassed by Supreme Court Rules 306, 307, or 308 (107 Ill. 2d Rules 306, 307, 308), the rules which allow interlocutory appeals under certain circumstances. Therefore, the appeal was improper and did not confer jurisdiction on this court. (*O'Hara v. State Farm Mutual Automobile Insurance Co.* (1985), 137 Ill. App. 3d 131, 133; *Gutenkauf v. Gutenkauf* (1979), 69 Ill. App. 3d 871, 873-74.) Under these circumstances, the trial court had jurisdiction to hear and rule upon defendant's motion to vacate the judgment entered against defendant. The defendant has filed a timely and proper notice of appeal from that order.

Proper service of summons is a necessary element to obtaining jurisdiction over a party, and, thus, any judgment rendered under circumstances where this jurisdictional standard has not been fully followed is void *ab initio* for lack of jurisdiction over the defendant. (*In re Adoption of Miller* (1982), 106 Ill. App. 3d 1025, 1029-30.) Jurisdiction cannot be obtained by notice, but can be acquired where a defendant or respondent voluntarily appears or is permitted to inter-

vene. (*Augsburg v. Frank's Car Wash, Inc.* (1982), 103 Ill. App. 3d 329, 333.) Personal jurisdiction is conferred by service of summons or by a general appearance and is derived from the actions of the person sought to be bound. Without jurisdiction, the court is without power to impose a personal obligation such as the payment of money. *In re Marriage of Hostetler* (1984), 124 Ill. App. 3d 31, 34.

In this case, retained counsel for defendant Helen Prezell filed a special appearance for the purpose of objecting to the court's jurisdiction over the defendant's person. Under section 2—301(b) of the Civil Practice Act (Ill. Rev. Stat. 1985, ch. 110, par. 2—301(b)), if the reasons for objections to the court's jurisdiction are not apparent from the papers on file in the case, the special appearance must be supported by affidavit setting forth the reasons. The court may then consider all matters apparent from the papers on file, affidavits submitted by any party, and any evidence which is adduced upon disputed issues of fact. After the trial court denied the motion of defendant Helen Prezell to strike Lipschultz' appearance on her behalf and to dismiss her as a party defendant to the case, Helen Prezell's retained counsel took no further action with regard to the proceedings until he filed a motion to vacate the judgment order on the basis that defendant was not subject to the jurisdiction of the court at the time the order was entered. Thus, at no time did Helen Prezell's retained counsel make a general appearance. See Ill. Rev. Stat. 1985, ch. 110, par. 2—301(a).

The facts of the instant case are analogous to those in *People v. Mickow* (1978), 58 Ill. App. 3d 780, where defendant entered a special and limited appearance with an affidavit disputing service and disputing that he had retained the party who represented himself to be defendant's attorney. The court held that absent counteraffidavits, the defendant's affidavit stating that the person representing himself to be defendant's attorney was not authorized to do so must be taken as true. (58 Ill. App. 3d 780, 783.) The appellate court held that the trial court was without jurisdiction to proceed against the defendant where he had not been served with a summons and his uncontradicted allegations in his affidavit were that the attorney filing an appearance on his behalf was not authorized to do so. (58 Ill. App. 3d 780, 783.) In the instant case, there was no service of summons on defendant Helen Prezell, and Helen alleged in her affidavit that attorney Lipschultz acted without authority in filing an appearance on her behalf. This statement was not rebutted by a counteraffidavit. We must, therefore, take this fact stated to be true. 58 Ill. App. 3d 780, 783.

In *Gray v. First National Bank* (1944), 388 Ill. 124, the Il-

linois Supreme Court stated that "where an attorney appears of record for a party, the presumption is that his appearance in such a capacity was duly authorized by the person for whom he is appearing. However, it is not a conclusive presumption and when the facts show a lack of authorization, express or implied, and no proof of ratification, the acts of counsel are a nullity as against the party for whom the appearance was entered." (388 Ill. 124, 129.) Under the facts in the instant case, we hold that defendant Helen Prezell rebutted the presumption that attorney Lipschultz' appearance was authorized by her. Indeed, in the exhibit attached to the affidavit, attorney Lipschultz himself indicated that he was not acting as Helen's attorney even though he had entered an appearance on her behalf. We note that it appears that Helen's ex-husband, Dave Prezell, may have requested Lipschultz to appear for Helen, but an attorney-client relationship cannot be created by a third party who has no authority to act. (*Zych v. Jones* (1980), 84 Ill. App. 3d 647, 651.) Finally, there is no implied authority by defendant Helen Prezell. Implied or apparent authority arises if circumstances and facts are such that there is a reasonable appearance, due to acts of another, that the person is authorized to act as an agent for such other person. (*Mitchell Buick & Oldsmobile Sales, Inc. v. National Dealer Services, Inc.* (1985), 138 Ill. App. 3d 574, 582.) Here, there were no acts of Helen Prezell that indicated Lipschultz had authority to bind her.

Helen Prezell alternatively argues that if the trial court had jurisdiction over her, her action in disputing attorney Lipschultz' representation of her should have acted as an indication to the trial court that she wished to terminate the attorney-client relationship, and, accordingly, she should not be bound by an agreement he made on her behalf on a later date. We need not resolve this issue in light of our resolution of the first issue in favor of defendant Helen Prezell.

■ ■ In holding that we must vacate the judgment against defendant Helen Prezell, we are called upon to determine whether the judgment must also be vacated as to Dave Prezell. Where a judgment is vacated as to one of multiple defendants, it need not be vacated as to the others unless it appears that, because of the interdependence of rights of other special factors, it would be prejudicial and inequitable to leave judgment standing against them. (*Thompson v. Glover* (1969), 115 Ill. App. 2d 253, 260.) Here, Dave Prezell, in his individual and representative capacities, agreed to the judgment, believing that Helen Prezell was also bound by the judgment. Under these circumstances, we conclude that it is inequitable to vacate the judgment as to less than all the defendants.

For the foregoing reasons, we reverse the judgment of the circuit court of Du Page County, and we remand the cause for further proceedings.

Reversed and remanded.

LINDBERG, P.J., and NASH, J., concur.