ARNOLD SCHUSTERMAN, Plaintiff-Appellant, v. NORTHWESTERN MEDICAL FACULTY FOUNDATION *et al.*, Defendants (Sheldon Berger *et al.*, Defendants-Appellees).

First District (6th Division)   No. 1—89—2092

Opinion filed March 16, 1990.

Leonard M. Ring & Associates, P.C., of Chicago (Leonard M. Ring and William J. Jovan, of counsel), for appellant.

Rooks, Pitts & Poust, and Sidley & Austin, both of Chicago, and Northwestern University Office of Legal Affairs, of Evanston (Jerome N. Groark, Patricia Cari Nowak, Fredrick J. Artwick, Amy D. Mayber, Mary M. Hachenburg, Michael C. Weston, and James M. Perry, of counsel), for appellees.

PRESIDING JUSTICE LaPORTA delivered the opinion of the court:

Plaintiff brought an action against defendants, Sheldon Berger, Neil J. Stone, Joseph J. Skom, Robert L. Murphy, James V. Talano, and Frank Krumlovsky, seeking damages for personal injuries allegedly sustained as a result of negligent medical treatment by them. Plaintiff's claims against defendants were dismissed with prejudice pursuant to Supreme Court Rule 103(b) (107 Ill. 2d R. 103(b)) for lack of diligence in effecting service of process. Plaintiff filed a notice of appeal challenging the dismissal of his claims against defendants. Prior to oral argument before this court, plaintiff entered into a settlement agreement with defendants Murphy, Talano, and Krumlovsky. Consequently, only Berger, Stone and Skom remain as defendants, and plaintiff appeals the dismissal of his claims against them.

The record reveals that on May 9, 1985, plaintiff filed a complaint naming Mark Minahan, a podiatrist, as a defendant and seeking damages for personal injuries allegedly sustained through negligent medical treatment. On August 13, 1985, plaintiff was granted leave to file an amended complaint naming additional parties, including defend-

ants, and a special process server selected by plaintiff was appointed to effect service on defendants. Plaintiff claimed that he suffered personal injuries as a result of negligent medical treatment by defendants between October and December 1984. Summonses were issued against defendants on August 15, 1985, but the special process server's affidavits of service were not filed with the court until July 21, 1988. The special process server's affidavit reflected that defendants were not served personally, but summonses for them were left with their business partner, David S. Oyer, on August 16, 1985. Although other defendants appeared and participated in discovery, the individual defendant doctors did not appear in the action.

On October 14, 1988, plaintiff caused alias summonses to issue for the defendants, and defendants were personally served. Defendants Stone and Skom filed general appearances and motions to dismiss the complaint pursuant to Supreme Court Rule 103(b), contending that plaintiff failed to exercise due diligence in serving them. Defendant Berger initially filed a special and limited appearance and a motion to quash the summons and to contest the court's jurisdiction over him. Berger subsequently withdrew his motion to quash summons, entered a general appearance, and filed a Rule 103(b) motion to dismiss.

The trial court found that the attempt to serve defendants in 1985 was clearly improper and that plaintiff was not justified in waiting almost two years before having alias summonses issued and served upon defendants. Accordingly, the court granted defendants' motions and dismissed plaintiff's claims against them with prejudice, finding that there was no just reason to delay enforcement or appeal of the order (107 Ill. 2d R. 304(a)).

Plaintiff initially contends that the filing of general appearances in 1988 precluded defendants from challenging plaintiff's exercise of due diligence in effecting service.

Plaintiff has attempted to frame this issue as one of jurisdiction over defendants. The case does not, however, present a question of jurisdiction. Rather, the controversy centers on the issue of plaintiff's diligence in effecting service upon defendants.

■ Plaintiff asserts that because defendants did not enter special and limited appearances to contest jurisdiction, they were precluded from raising an objection under Supreme Court Rule 103(b). In support of this assertion, plaintiff argues that defendants' filing of general appearances in 1988 conceded personal jurisdiction over them and operated as general appearances in response to the defective service of defendants in 1985. This argument is without merit.

As the record reflects, the attempt to serve defendants through a

business partner in 1985 was wholly ineffective and did not confer personal jurisdiction over them. (Ill. Rev. Stat. 1985, ch. 110, par. 2–203(a).) Because they had not been served and were not subject to the jurisdiction of the court, defendants were not required to appear at that time or to file any pleadings in response to the invalid service in 1985. *Janove v. Bacon* (1955), 6 Ill. 2d 245, 128 N.E.2d 706.

In October 1988, plaintiff caused alias summonses to be issued for each of the defendants who had not been previously served, and defendants were then personally served without difficulty. The service of defendants in October 1988 automatically conferred personal jurisdiction over them. (*Meldoc Properties v. Prezell* (1987), 158 Ill. App. 3d 212, 511 N.E.2d 861; *In re Marriage of Hostetler* (1984), 124 Ill. App. 3d 31, 463 N.E.2d 955.) At that time, the court could properly exercise personal jurisdiction over defendants, whether or not they filed appearances or responsive pleadings. *Meldoc Properties v. Prezell*, 158 Ill. App. 3d 212, 511 N.E.2d 861.

After being served in 1988, defendants filed appearances and motions to dismiss under Rule 103(b). The trial court examined the record and found that plaintiff had not exercised due diligence where defendants had been named in August 1985 but were not personally served until October 1988.

■ A motion for a Rule 103(b) dismissal is not the equivalent of a motion for dismissal for lack of jurisdiction. (*Williams v. Bolsten* (1989), 184 Ill. App. 3d 832, 835, 540 N.E.2d 966, 968; *Caliendo v. Public Taxi Service, Inc.* (1966), 70 Ill. App. 2d 86, 88, 217 N.E.2d 369, 371.) Upon being served in 1988, defendants properly moved for dismissal under Rule 103(b). They did not, indeed could not, challenge the court's jurisdiction over them because they had been personally served in October 1988. Defendants did, however, argue that plaintiff had failed to exercise due diligence in effecting service where they had not avoided service and were eventually served without difficulty. Defendants did not claim that the trial court lacked jurisdiction, but on the contrary, specifically invoked the court's jurisdiction by requesting that plaintiff's claims be dismissed under Rule 103(b). (See *Caliendo*, 70 Ill. App. 2d at 88, 217 N.E.2d at 371.) Defendants did not raise a jurisdictional objection, and the trial court's dismissal of plaintiff's claims against defendants was not predicated upon a lack of personal jurisdiction. Thus, although plaintiff is correct in stating that a general appearance will confer jurisdiction (*Meldoc Properties*, 158 Ill. App. 3d 212, 511 N.E.2d 861), this principle has no relevance to the case at bar. The court's personal jurisdiction over defendants attached when they were personally served in October 1988, which was

prior to their filing of general appearances. Contrary to plaintiff's claim, the defendants' general appearances were appropriate after personal service upon them in 1988 and had no bearing or effect on the defective service attempt in 1985.

■ Because defendants were not served until 1988, they had no opportunity to file a motion under Rule 103(b) until that time. (*Martinez v. Erickson* (1989), 127 Ill. 2d 112, 118, 535 N.E.2d 853, 856, discussing *Catlett v. Novak* (1987), 116 Ill. 2d 63, 506 N.E.2d 586.) Defendants were under no obligation to file motions to quash the invalid 1985 service either in 1985 or in 1988, and the filing of general appearances and motions to dismiss did not constitute waivers of their rights to raise a defense under Rule 103(b). See *Tyler v. J.C. Penney Co.* (1986), 145 Ill. App. 3d 967, 974, 496 N.E.2d 323, 328; *Meyer v. Wardrop* (1976), 37 Ill. App. 3d 243, 248, 345 N.E.2d 762, 766; *Caliendo*, 70 Ill. App. 2d at 88, 217 N.E.2d at 371.

■ Moreover, plaintiff cannot assert that defendants waived any objection under Rule 103(b) by participating in the litigation where defendants promptly filed motions under Rule 103(b) and where the record contains no evidence that defendants engaged in discovery or in any way defended the action on its merits. (*Montero v. University of Illinois Hospital* (1978), 57 Ill. App. 3d 206, 211, 372 N.E.2d 1010, 1014.) Active participation in the defense of an action on its merits is the only kind of activity which can amount to a waiver of an objection under Rule 103(b). *Daily v. Hartley* (1979), 77 Ill. App. 3d 697, 703, 396 N.E.2d 586, 591.

Consequently, defendants have not waived their rights to raise objections under Rule 103(b), and the filing of general appearances after personal service in 1988 had no effect upon the prior invalid service attempt in 1985.

We next consider whether plaintiff exercised due diligence in effecting service upon defendants.

Supreme Court Rule 103(b) provides as follows:

> "If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion." 107 Ill. 2d R. 103(b).

■ ■ The purpose of this rule is to protect defendants from un-

necessary delays in the service of process and to prevent the circumvention of statutes of limitation. (*Hanna v. Kelly* (1980), 91 Ill. App. 3d 896, 900, 414 N.E.2d 1262, 1266.) Yet, this rule is not based upon the subjective test of plaintiffs' intent but rather upon the objective test of reasonable diligence in effecting service. (*Phifer v. Hayes* (1974), 20 Ill. App. 3d 635, 639, 314 N.E.2d 473, 476.) The burden is on the plaintiff to show that he has exercised reasonable diligence to obtain service (*Alsobrook v. Cote* (1971), 133 Ill. App. 2d 261, 264, 273 N.E.2d 270, 272), and the defendant need not establish that he has been prejudiced by the delay (*Gatto v. Nelson* (1986), 142 Ill. App. 3d 284, 291, 492 N.E.2d 1, 6; *Greenwood v. Blondell* (1980), 85 Ill. App. 3d 186, 188, 406 N.E.2d 204, 206).

■■ ■ Although each case must be decided on its own particular facts and circumstances, the factors a court may consider in entering a dismissal under Rule 103(b) include (1) the amount of time taken to obtain service; (2) the efforts of the plaintiff; (3) plaintiff's knowledge of the defendant's location; (4) the ease with which defendant's location could have been determined; (5) actual knowledge by the defendant of the pendency of the action; and (6) special circumstances affecting plaintiff's efforts. (*Gatto*, 142 Ill. App. 3d at 288, 492 N.E.2d at 4; *Greenwood*, 85 Ill. App. 3d at 188-89, 406 N.E.2d at 206.) Dismissal under Rule 103(b) is within the sound discretion of the trial court, and the court's judgment will not be disturbed absent an abuse of discretion. *Segal v. Sacco* (1988), 175 Ill. App. 3d 504, 506, 529 N.E.2d 1038, 1039; *Viking Dodge, Inc. v. Hofmann* (1987), 161 Ill. App. 3d 186, 188, 514 N.E.2d 248, 250; *Gatto*, 142 Ill. App. 3d at 288, 492 N.E.2d at 4.

■■ Review of the record in the instant case reveals that defendants were named as parties to the action in August 1985, but were not properly served until October 1988, almost two years after the expiration of the statute of limitations and almost four years after the alleged incidents of medical malpractice. Plaintiff took no action to effect proper service on defendants between August 1985 and October 1988. The fact that defendants were available and amenable to service is evidenced by the ease with which plaintiff ultimately served them in 1988. Plaintiff could have easily obtained the business and home addresses of defendants through local telephone directories. Although plaintiff contends that special circumstances exist in that he relied on the affidavit of service by the special process server, this claim is without merit because the affidavit was not sworn to or filed with the court until July 1988. Consequently, plaintiff could not have relied on it from August 1985 to July 1988. Moreover, because the affidavit

clearly reflects that no personal service of defendants had been accomplished, plaintiff's reliance on it was unreasonable.

■■■ A party to a lawsuit has a nondelegable duty to take all necessary steps to bring his case to a prompt conclusion. It was the plaintiff's duty here to have the summonses issued by the clerk and delivered for service by the sheriff or a special process server and to see that a prompt and proper return was made by the process server. Plaintiff's failure for over three years to obtain proper service of the summonses shows a lack of due diligence. (See *Penrod v. Sears, Roebuck & Co.* (1986), 150 Ill. App. 3d 125, 129, 501 N.E.2d 367, 369.) Prior invalid service does not relieve the plaintiff from his burden to obtain valid service of process within the diligence requirements of Rule 103(b). (*Viking Dodge*, 161 Ill. App. 3d at 189, 514 N.E.2d at 250.) The successful service of defendants in 1988 demonstrates that they were amenable to service at an earlier date, if plaintiff had been diligent in effecting it. In the absence of a satisfactory explanation, the delay in effecting service on defendants clearly was unreasonable. (*Gatto*, 142 Ill. App. 3d at 288, 492 N.E.2d at 5.) Defendants were under no obligation to show that they had been prejudiced by the delay in service. (*Gatto*, 142 Ill. App. 3d at 291, 492 N.E.2d at 6; *Greenwood*, 85 Ill. App. 3d at 188, 406 N.E.2d at 206.) Although controversies should ordinarily be resolved on their merits after both sides have had their day in court, plaintiff may not now complain where the dismissal resulted from his own lack of diligence in effecting service. *Montero*, 57 Ill. App. 3d at 210-11, 372 N.E.2d at 1013.

In asserting that he has exercised due diligence in serving defendants, plaintiff relies primarily on *Jarmon v. Jinks* (1987), 165 Ill. App. 3d 855, 520 N.E.2d 783. Plaintiff's reliance on this case is misplaced because it is factually distinguishable from the present situation. In *Jarmon*, the plaintiff attempted to locate the defendant by checking the following sources: United States Post Office, Chicago metropolitan area telephone directories and information service, and the Secretary of State. A process server was hired to locate defendant and interrogatories were directed to a codefendant inquiring as to the address of defendant. The codefendant did not provide the address of the defendant and failed to produce him for deposition as requested. After all of the above proved fruitless, plaintiff caused an alias summons to be issued. After the alias summons was returned "not found," plaintiff caused a second alias summons to be issued against defendant which was also returned "not found" after three attempts at service. Plaintiff finally served defendant through the Secretary of State.

The facts in the present case do not indicate that plaintiff's efforts compare to the exhaustive efforts taken in *Jarmon*. Rather, the record reflects that plaintiff failed to exercise due diligence in effecting service upon defendants until almost two years after the expiration of the statute of limitations.

For the foregoing reasons, the order of the circuit court of Cook County is affirmed.

Affirmed.

McNAMARA and RAKOWSKI, JJ., concur.