**Tomra HINKLE, et al., Plaintiffs,**

**v.**

**William HENDERSON, M.D., Defendant.**

No. 93–1438.

United States District Court,
C.D. Illinois.

March 7, 1997.

**1432**

Lance Wittry, Indianapolis, IN, for plaintiffs.

Richard Stites, Livingston, Barger, Brandt & Schroeder, Bloomington, IL, for defendant.

McDADE, District Judge.

### ORDER

Before the Court are Plaintiff Tomra Hinkle's Objection [Doc. # 68] and Defendant William Henderson's Objection [Doc. # 67] to the Report and Recommendation of the Magistrate Judge [Doc. # 66] recommending that Defendant's Motion to Dismiss [Docs. # 4, 8, 16] be granted and that Plaintiff's Complaint be dismissed without prejudice. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P.

---

1. Plaintiffs originally filed the present action in the United States District Court for the Southern District of Indiana. On September 22, 1993, pursuant to a joint motion by the parties, the case was transferred to this Court in the Central District of Illinois.

72(b)1 the Court shall make a de novo determination of those portions of the Report and Recommendation to which objections were made.

### BACKGROUND

Tomra Hinkle was born prematurely on January 23, 1984. As a result, she suffers from retinopathy of prematurity and is blind. Plaintiffs allege that the medical malpractice of William Henderson, M.D. ("Henderson"), who provided Tomra's mother with obstetrical and prenatal care in 1983 and early 1984, caused Tomra's injury. On January 23, 1992, only one day before the expiration of the statutory repose period for actions by minors, 735 ILCS 5/13–212(b), Tomra Hinkle and her parents, Patricia and Thomas Hinkle, filed a complaint in the Circuit Court of Cook County. However, no service was effected or attempted on Henderson or on any of the other named defendants. Rather, after eight months in the circuit court, Plaintiffs moved for a voluntary dismissal under 735 ILCS 5/2–1009. The court granted the motion and dismissed the case without prejudice on September 24, 1992.

On August 17, 1993, within one year of the voluntary dismissal, Plaintiff refiled their Complaint in federal court[1] and effected service on Henderson within eight days. Plaintiffs' ability to refile the suit outside of the limitations period is based on the Illinois savings statute, 735 ILCS 5/13–217, which gives plaintiffs one year in which to bring a new suit following a voluntary dismissal.

The sworn and undisputed testimony of Henderson[2] establishes that since 1967, he has maintained an office in two different locations in Bloomington, Illinois, and has had at least one listed phone number for this office. He has also had medical privileges at two Bloomington–Normal hospitals, including the hospital where Patricia Hinkle was initially admitted before transfer. Those hospitals had access to telephone numbers and

---

2. See Henderson's affidavit [attached to Doc. # 81] and deposition testimony [Doc. # 16, Ex. A].

addresses where he could be reached. Henderson has also continuously maintained his registration as a medical doctor with the State of Illinois.

On June 18, 1985, Patricia Hinkle's attorney, Edward R. Durree, sent a written request to Henderson for "photocopies of your entire records for this patient."[3] A handwritten notation states that the records were sent on July 16, 1985. On February 25, 1992, Patricia Hinkle wrote a letter to Henderson requesting that her medical records be forwarded to Attorney Curtis B. Ross "as soon as possible."[4] A note at the bottom of the letter indicated that Patricia Hinkle had telephoned Henderson's office and discovered that her records were located in the collection files. Henderson authorized that these records be sent, and a notation on the letter indicates that they were sent on March 3, 1992.

Henderson's malpractice insurance carrier requires him to provide it with copies of all medical authorization requests from lawyers which "have a tone of a malpractice suit." Henderson testified that the two requests described above might have raised a "red flag" to him because Patricia. Hinkle's medical records indicated "that there might have been something that she did not feel was kosher." At one point in his deposition, he even said that he was "sure that [the insurance carrier] had already been notified" prior to Patricia Hinkle's letter. However, Henderson also testified that he had no actual knowledge whether he had submitted either of these requests to his malpractice insurance carrier at the time he received them. The insurance carrier confirmed that it received no notification of the pending lawsuit prior to November 22, 1993.[5] In addition, from 1983 until July 20, 1993, there was no written or other indication in Henderson's claim or underwriting files of any potential malpractice claim being made either by Patricia or Tomra Hinkle. Henderson swore that he had never heard of the instant lawsuit until November 22, 1993, when his attorney informed him about it.

Plaintiffs' Complaint in this Court is in two counts. In Count One, Plaintiff Tomra Hinkle, a minor, by her mother and next friend, seeks compensatory damages for injuries allegedly caused by Defendant. In Count Two, Plaintiffs Patricia and Thomas Hinkle, Tomra's parents, individually seek compensatory damages arising from Tomra's injuries.

Henderson moved to dismiss on two alternative grounds. First, he argued that the Illinois savings statute was inapplicable to the medical malpractice limitations statute. This Court agreed and dismissed the case on that ground, *Hinkle ex rel. Hinkle v. Henderson,* 896 F.Supp. 190 (C.D.Ill.1995), but was reversed by the Seventh Circuit Court of Appeals. *Hinkle ex rel. Hinkle v. Henderson,* 85 F.3d 298, (7th Cir.1996). Henderson's second ground, which the Court now considers on remand, is that Plaintiffs failed to comply with Illinois Supreme Court Rule 103(b) by failing to diligently serve him in this matter.

Prior to ruling on the Rule 103(b) matter, the Magistrate Judge allowed the parties to brief the new issue of whether the tolling statute for actions by persons "under a legal disability," 735 ILCS. 5/13–212(c), applies here. In his Report and Recommendation, the Magistrate Judge recommended that Plaintiffs' Complaint be dismissed without prejudice pursuant to Rule 103(b) but intimated that Plaintiffs might be allowed to refile their Complaint on the basis of 735 ILCS 5/13–212(c). Into this procedural morass of Illinois statutory law, the Court now proceeds.

### ANALYSIS

In analyzing a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the Court must take the well-pleaded allegations of the Complaint as true and draw all reasonable inferences in favor of the plaintiff. *Baxter Healthcare Corp. v. O.R. Concepts. Inc.,* 69 F.3d 785, 787 (7th Cir.1995). Such a motion will only be granted where it appears beyond a doubt that the plaintiff can prove

---

**3.** See Doc. # 18, Dep. Ex. 2.

**4.** See Doc. # 18, Dep. Ex. 3.

**5.** See Affidavit of Karen Sturm [Doc. # 16, Ex. C].

no set of facts in support of her claim which would entitle her to relief. *Lashbrook v. Oerkfitz,* 65 F.3d 1339, 1343 (7th Cir.1995). The parties agree that Illinois law controls this diversity dispute.

### Relevant Statutory Provisions

There is an interplay of at least four statutes and rules in this case: sections 2–1009, 13–212, and 13–217 of the Illinois Code of Civil Procedure and Illinois Supreme Court Rule 103(b). The relevant text of these statutes and rules is set forth below in the sequence in which they shall be discussed:

> The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each such party's attorney, and upon payment of costs, dismiss his or her action or any part thereof as to any defendant, without prejudice, by order filed in the cause.

735 ILCS 5/2–1009.

> In [ ] actions [ ] where the time for commencing an action is limited, [and] the action is voluntarily dismissed by the plaintiff, [ ] whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff [ ] may commence a new action within one year or within the remaining period of limitation, whichever is greater, [ ] after the action is voluntarily dismissed by the plaintiff..

735 ILCS 5/13–217.

> If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion.

87 Ill.2d R. 103(b).

> (b) [N]o action for damages for injury [ ] against any physician [ ] duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 8 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury [ ] where the person entitled to bring the action was, at the time the cause of action accrued, under the age of 18 years
>
> (c) If the person entitled to bring an action described in this Section is, at the time the cause of action accrued, under a legal disability other than being under the age of 18 years, then the period of limitations does not begin to run until the disability is removed.

735 ILCS 5/13–212.

### Illinois Supreme Court Precedent

In a series of cases, the Illinois Supreme Court has attempted to define the boundaries of reasonably diligent service under Illinois Supreme Court Rule 103(b). Like the instant case, many of these cases focus on the effect of Rule 103(b) where a plaintiff voluntarily dismisses her case pursuant to 735 ILCS 5/2–1009 or has her case involuntarily dismissed for lack of prosecution and then refiles it under 735 ILCS 5/13–217.

In *Aranda v. Hobart Manf. Corp.,* 66 Ill.2d 616, 6 Ill.Dec. 849, 850, 363 N.E.2d 796, 797 (1977), the plaintiff's first suit was dismissed for lack of prosecution two months before the statute of limitations expired. Over the next two months, the plaintiff attempted to serve the defendants but that attempt was quashed because the original suit had already been dismissed. The plaintiff immediately filed a second suit and promptly served the defendant within 12 days. Thus, service was ultimately obtained about 3½ months after the limitations period had run. *Id.* The defendant moved for dismissal pursuant to Rule 103(b), and the trial court dismissed the case with prejudice. *Id.* 6 Ill.Dec. at 851, 363 N.E.2d at 798.

On appeal, the Illinois Supreme Court noted that a dismissal with prejudice could only be entered when the failure to use diligence occurred after the expiration of the applicable statute of limitations. The court then held:

Defendant's motion to dismiss plaintiff's second suit was bottomed on plaintiff's overall lack of diligence in obtaining service of summons from September 13, 1972, the date of the filing of the complaint in the first case, until July 24, 1974, the date of service of summons in the second case. Service was obtained within 12 days after the filing of the complaint in the second case, which is certainly not a flagrant display of lack of diligence. If the extended period of time of section 24 [the predecessor to 13–217] is to serve any useful purpose, plaintiff must be accorded a reasonable time after refiling his complaint within which to obtain service. We do not say that the court when passing on a motion such as the defendant has filed in this case may not consider an overall span of time between the filing of the first complaint and the ultimate service of summons in the second case in assessing Plaintiff's diligence. In doing so, however, the period of time within which plaintiff must obtain service following the refiling of his suit under section 24 cannot be so abbreviated as to make the right granted by that section meaningless. We conclude that the trial judge erred in dismissing plaintiff's second suit under Rule 103(b).

*Id.* 6 Ill.Dec. at 851–52, 363 N.E.2d at 798–99.

Nine years later, the Illinois Supreme Court revisited the issue in *O'Connell v. St. Francis Hosp.*, 112 Ill.2d 273, 97 Ill.Dec. 449, 492 N.E.2d 1322 (1986). In that case, the plaintiff filed suit on the last possible day under the statute of limitations and did not issue his first summons until eight months later. *Id.* 97 Ill.Dec. at 451, 492 N.E.2d at 1324. The defendants immediately filed a motion to dismiss pursuant to Rule 103(b). In response, the plaintiff filed a motion for voluntary dismissal pursuant to section 2–1009. The circuit court granted the plaintiff's motion and dismissed the complaint without prejudice. The plaintiff then refiled his complaint the next month pursuant to section 13–217, and the defendants once again moved for dismissal under Rule 103(b). Believing that the plaintiff had an absolute right to refile under section 13–217, the trial court denied the defendants' motion. *Id.*

The Illinois Supreme Court disagreed, holding that its own Rule 103(b) took precedence over sections 2–1009 and 13–217 of the Illinois Code of Civil Procedure. *Id.* 97 Ill. Dec. at 453, 492 N.E.2d at 1326. The court concluded:

> We hold [ ] that where a plaintiff relies on sections 2–1009 and 13–217 in response to a pending Rule 103(b) motion, the Rule 103(b) motion must be heard on its merits prior to a ruling on plaintiff's motion to dismiss under section 2–1009. We further hold that, in ruling on the pending Rule 103(b) motions, the trial court may consider the circumstances surrounding plaintiff's service of process on his original as well as his refiled complaint.

*Id.* 97 Ill.Dec. at 454, 492 N.E.2d at 1327.

In *Catlett v. Novak*, 116 Ill.2d 63, 106 Ill.Dec. 786, 787, 506 N.E.2d 586, 587 (1987), the plaintiff filed his complaint one day before the statute of limitations would have run. He served defendant Novak nearly a year later and did not serve defendant ICG at all. When Novak filed a Rule 103(b) motion to dismiss, the plaintiff responded with a voluntary dismissal which the court granted. Nine months later, the plaintiff refiled his complaint and served ICG within 3 days and Novak within 7 days. ICG filed a motion to dismiss pursuant to Rule 103(b) and the trial court granted the motion. *Id.* 106 Ill.Dec. at 787–88, 506 N.E.2d at 587–88. On appeal, the Illinois Supreme Court reiterated its holding in *O'Connell* that Rule 103(b) diminishes a plaintiff's "absolute right" under 13–217 to refile his complaint within one year of a voluntary dismissal. *Id.* 106 Ill.Dec. at 789, 506 N.E.2d at 589. The court further noted that the "plaintiff's exercise of his rights to dismiss and refile demonstrates how the two sections may be coordinated so as to protract unduly and unfairly the service of process on a defendant and defeat Rule 103(b)'s effort to insure the prompt administration of justice." *Id.* 106 Ill.Dec. at 790, 506 N.E.2d at 590.

In *Muskat v. Sternberg*, 122 Ill.2d 41, 118 Ill.Dec. 455, 456–57, 521 N.E.2d 932, 933 (1988), the plaintiff filed suit one day before the expiration of the limitations period but

failed to serve the defendants over the next two years. Eventually, the suit was dismissed for want of prosecution. The plaintiff refiled her complaint and served the defendants over a period of three months. The defendants moved to dismiss under Rule 103(b), but the trial court denied the motion.

On appeal, the Illinois Supreme Court faced the question left unanswered by its earlier decision in *Aranda*:

Whether, in a case in which the plaintiff's original lawsuit was dismissed for want of prosecution, and no Supreme Court Rule 103(b) motion was filed and no service of process was attempted or obtained in the original lawsuit, a trial court may consider any lack of reasonable diligence in obtaining service of process in the original lawsuit in ruling on a Supreme Court Rule 103(b) motion in the refiled lawsuit.

The court answered that question in the affirmative, relying upon the fact that in *Catlett*, the defendant who appealed had never been served in the first judicial proceeding; yet, the court had held that *O'Connell* continued to apply. *Id.* 118 Ill.Dec. at 458, 521 N.E.2d at 935. Thus, the Court reversed the trial court's ruling and remanded the case for further proceedings.

However, the court felt it necessary to distinguish its facts from those in *Aranda*:

In *Aranda*, the complaint was filed six months after the injury, and not on the last day of the limitations period. The complaint was put on a "no progress call" and dismissed for want of prosecution on January 29, 1974, more than two months before the running of the statute of limitations. On July 12, 1974, about 5 months after the case was dismissed for want of prosecution, and only three months after the statute of limitations had expired, the case was refiled and service of summons was had 13 days later ...

The language of our Rule 103(b) [ ] clearly requires that the plaintiff's diligence in obtaining service of process after the running of the statute of limitations must be considered in determining whether the complaint is to be dismissed with prejudice....

When this court held in *Aranda* that the plaintiff had a right to refile, that holding had to be viewed in the context of that case, where the original action was dismissed for want of prosecution before the statute of limitations had run, and the action was refiled within a few months and service was promptly had.

*Id.* 118 Ill.Dec. at 457, 459, 521 N.E.2d at 934, 936.

In *Martinez v. Erickson*, 127 Ill.2d 112, 129 Ill.Dec. 88, 535 N.E.2d 853 (1989), the court again emphasized its original holding in *Aranda*. In that case, the plaintiff filed two suits: one on the day that the statute of limitations expired and the other on the day before the limitations period expired. The plaintiff voluntarily dismissed the first suit, and the second one was dismissed for lack of prosecution. *Id.* 129 Ill.Dec. at 89, 535 N.E.2d at 854. Relying on 13–217, the plaintiff refiled a single action against the defendants in both previous suits. Summons were issued that same day. Two of the defendants were served within three days and the third was served within three weeks. *Id.* All filed Rule 103(b) motions to dismiss and for summary judgment. The trial court granted the motions but the appellate court reversed, holding that the decision in *O'Connell* could not be applied retroactively. *Id.* 129 Ill.Dec. at 89–90, 535 N.E.2d at 854–55.

The Illinois Supreme Court reversed, holding that the decision could be applied retroactively. *Id.* 129 Ill.Dec. at 91, 535 N.E.2d at 856 *citing Muskat*, 118 Ill.Dec. at 459, 521 N.E.2d at 936. In doing so, the court reached the issue whether the case needed to be remanded for further proceedings. The court noted its concern that "the circuit judge may not have accorded adequate weight to the plaintiff's conduct in effecting service on the defendants following the refiling of his action[ ]." *Id.* 129 Ill.Dec. at 92, 535 N.E.2d at 857. Relying on *Aranda*, the court noted:

According to the *O'Connell* standard as developed, the circuit judge is to consider service after refiling in light of the entire history of the case. He cannot disregard obvious diligence on the part of the plaintiff after refiling. The determination of

diligence must be made in light of the totality of the circumstances. *Id.* 129 Ill.Dec. at 93, 535 N.E.2d at 858. Thus, the case was remanded to the trial judge. *Id.*

In *Segal v. Sacco,* 136 Ill.2d 282, 144 Ill. Dec. 360, 360–61, 555 N.E.2d 719, 719–20 (1990), the plaintiff filed his complaint the same day that the statute of limitations expired.[6] Nineteen weeks later, he filed a motion in the circuit court to have a special process server appointed. The defendants were served within the next two weeks. However, the defendants filed a Rule 103(b) motion to dismiss, and the trial court dismissed the case with prejudice. *Id.* On appeal, the Illinois Supreme Court set forth a number of basic tenets in ruling on a Rule 103(b) motion. Dismissal under Rule 103(b) is within the sound discretion of the trial court. *Id.* 144 Ill.Dec. at 361, 555 N.E.2d at 720. The plaintiff has the burden of showing reasonable diligence in service of process. *Id.*

Rule 103(b) does not state a specific time limitation within which a defendant must be served. Its purpose is to protect defendants from unnecessary delay in the service of process on them and to prevent the circumvention of the statute of limitations. Different factors which a court may consider in deciding whether to allow or deny such a motion include, but are not limited to: (1) the length of time used to obtain service of process; (2) the activities of plaintiff; (3) plaintiff's knowledge of defendant's location; (4) the ease with which defendant's whereabouts could have been ascertained; (5) actual knowledge on the part of the defendant of pendency of the action as a result of ineffective service; (6) special circumstances which would affect plaintiff's efforts; and (7) actual service on defendant. *Id.* These factors must be considered in light of the purpose of Rule 103(b). *Id,* 144 Ill.Dec. at 362, 555 N.E.2d at 721.

The court in *Segal* ultimately found that the inadvertent delay of 19 weeks in serving process did not violate Rule 103(b) because it "did not threaten the circuit's ability to 'proceed expeditiously to a just resolution of the matter before it' " and did not continue long after the expiration of the statute of limitations. *Id.* After noting that it was not uncommon for a trial in Cook County to take place years after the filing of the complaint, the court stated:

> Dismissal of a cause with prejudice under Rule 103(b) is a harsh penalty which is justified when the delay in service of process is of a length which denies a defendant a "fair opportunity to investigate the circumstances upon which liability against [the defendant] is predicated while the facts are accessible." . . .

> It would not be an abuse of discretion for a circuit court to allow a dismissal with prejudice under Rule 103(b) for a delay equal to or shorter than the delay present in this case if the delay occurs under circumstances which serve to deny the defendants "a fair opportunity to investigate the circumstances upon which liability against [the defendants] is predicated while the facts are accessible." Under such circumstances, the purpose of Rule 103(b) [ ] would be promoted.

*Id.* (internal citations omitted)

In a vigorous dissent, Justice Ryan, who had authored the opinions in *Aranda* and *Muskat,* took issue with the majority's justification of its holding that the delay in service did not deny the defendants a fair opportunity to investigate his claim against them. He argued that the law in Illinois, as established by various decisions of the Illinois appellate courts, is that it is not necessary for the defendant to show that he was prejudiced by the plaintiff's delay. *Id.* at 295–96, 144 Ill. Dec. 360, 555 N.E.2d 719 *citing Wallace v. Smith,* 75 Ill.App.3d 739, 31 Ill.Dec. 463, 466, 394 N.E.2d 665, 668 (1st Dist.1979); *Phifer v. Hayes,* 20 Ill.App.3d 635, 314 N.E.2d 473, 477 (1974). Rather, the burden is on the plaintiff to produce facts showing that he exercised reasonable diligence in obtaining service. This inquiry is an objective one. *Id.* at 295, 144 Ill.Dec. 360, 555 N.E.2d 719 *citing Wal-*

---

6. Actually it was one day after the limitations period, but because the expiration would have been a Sunday, the complaint was timely.

*lace,* 31 Ill.Dec. at 466, 394 N.E.2d at 668. Justice Ryan further asserted that the majority had engaged in an "ad hoc subjective test" without placing the burden on plaintiff to provide a reasonable explanation for the delay in service. *Id.*

Perhaps moved by Justice Ryan's dissent, the Illinois Supreme Court clarified its position one week later in *Womick v. Jackson County Nursing Home,* 137 Ill.2d 371, 148 Ill.Dec. 719, 720, 561 N.E.2d 25, 26 (1990). There, the plaintiff brought suit two days before the statute of limitations expired and did not serve his summons for nearly nine months. The defendant moved for a Rule 103(b) dismissal, and the plaintiff responded with a motion for voluntary dismissal which the trial court granted. The plaintiff then refiled his case and served the defendant within three days. However, the trial court vacated the original grant of a voluntary dismissal and proceeded to grant the defendant's motion to dismiss pursuant to Rule 103(b) with prejudice. *Id,*

On appeal, the Illinois Supreme Court upheld the trial judge's ruling that the plaintiff had not acted with reasonable diligence. In response to the plaintiff's argument that the defendant had received actual notice of the pendency of the lawsuit prior to service, the court held:

> It is true that one of the purposes of Rule 103(b) is to provide notice to the defendant. However, [ ] actual notice or knowledge of the lawsuit along with a lack of prejudice to the defendant will not necessarily preclude a dismissal under Rule 103(b).... Thus, while actual notice or knowledge of the pendency of the suit or the lack of prejudice to the defendant are significant in that they may affect the judge's determination as to whether the plaintiff was diligent, they are but two factors to be considered by the court in making that determination.

*Id.* 148 Ill.Dec. at 721, 561 N.E.2d at 27.

Moreover, the court held that because the trial court in the second proceeding vacated the voluntary dismissal of the first suit, the trial court properly considered only the nine month delay in service in the original suit in ruling on the Rule 103(b) motion. *Id.* 148 Ill.Dec. at 721–22, 561 N.E.2d at 27–28. The court then noted that Rule 103(b) dismissals had been upheld in other cases where the plaintiff made no effort to serve the defendant for a significant period of time after filing suit. *Id.* 148 Ill.Dec. at 722–23, 561 N.E.2d at 28–29 *citing Penrod v. Sears, Roebuck & Co.,* 150 Ill.App.3d 125, 103 Ill.Dec. 346, 348, 501 N.E.2d 367, 369 (4th Dist.1986), *appeal denied,* 114 Ill.2d 547, 108 Ill.Dec. 419, 508 N.E.2d 730 (1987) (dismissal appropriate after failure to serve for seven months); *Luebbing v. Copley Memorial Hosp.,* 60 Ill.App.3d 780, 18 Ill.Dec. 192, 194, 377 N.E.2d 345, 347 (2d Dist.1978) (dismissal appropriate after failure to serve for ten months). Because the plaintiff knew how to locate the defendant and easily could have served it, the fact that the defendant had actual notice of the lawsuit did not excuse the plaintiff's failure to diligently serve the defendant or to give a reasonable explanation for not having done so. *Id.* 148 Ill.Dec. at 723, 561 N.E.2d at 29. The court further noted that the dismissal was appropriately "with prejudice" because the failure to exercise reasonable diligence had occurred after the statute of limitations had expired. *Id.* 148 Ill.Dec. at 723, 561 N.E.2d at 26, 29.

While each of the above cases is fact-specific, a number of general principles can be extrapolated from them. Dismissal under Rule 103(b) is within the sound discretion of the trial court. *Segal,* 144 Ill.Dec. at 361, 555 N.E.2d at 720. The plaintiff has the burden of showing reasonable diligence in service of process, *Id.,* and must give a reasonable explanation for any apparent lack of diligence. *Womick,* 148 Ill.Dec. at 723, 561 N.E.2d at 29. To meet this burden, the plaintiff must present factual evidence in support of her claim in conformity with the rules of evidence. *Tischer v. Jordan,* 269 Ill.App.3d 301, 206 Ill.Dec. 739, 743, 645 N.E.2d 991, 995 (1st Dist.1995). The inquiry is an objective one. *Segal,* 136 Ill.2d at 295, 555 N.E.2d 719, 144 Ill.Dec. 360 (Ryan, J., dissenting); *Tischer,* 206 Ill.Dec. at 743, 645 N.E.2d at 995; *Parker v. Piskur,* 258 Ill. App.3d 344, 196 Ill.Dec. 540, 543, 630 N.E.2d 475, 478 (3d Dist.1994), *appeal denied,* 157 Ill.2d 506, 205 Ill.Dec. 169, 642 N.E.2d 1286

(1994); S*inn v. Elmhurst,* 243 Ill.App.3d 787, 184 Ill.Dec. 56, 59, 612 N.E.2d 932, 935 (2d Dist.1993), *appeal denied,* 152 Ill.2d 580, 190 Ill.Dec. 911, 622 N.E.2d 1228 (1993).

■ Where a case has been voluntarily or involuntarily dismissed and then refiled, it is important to look at the plaintiff's diligence in light of the totality of the circumstances and the entire history of the case. *Martinez,* 129 Ill.Dec. at 93, 535 N.E.2d at 858. This includes consideration of four distinct time frames: (1) the total period from the filing of the original complaint to the time the defendant was actually served in the second suit; (2) the period from the filing of the original complaint to the time that the first action was voluntarily dismissed or dismissed for lack of prosecution; (3) the time from the dismissal of the original suit until the refiling of the second suit; and (4) the time in which the defendant was served after the filing of the second suit. The last of these is especially important to consider in order to give some effect to the refiling period allowed by section 13–217. *Id.* 129 Ill.Dec. at 92–93, 535 N.E.2d at 857–58; *Aranda,* 6 Ill.Dec. at 851–852, 363 N.E.2d at 798–99.

■ However, even if the defendant is quickly served after the filing of the second suit, this is not dispositive of the reasonable diligence inquiry. The court in *Martinez* merely remanded the case to ensure that the trial court took this time frame into account. 129 Ill.Dec. at 93, 535 N.E.2d at 858. Rather, the court must also take into account the three other relevant time periods to determine whether the plaintiff exercised her rights to dismiss and refile in order to "protract unduly and unfairly the service of process on a defendant and defeat Rule 103(b)'s effort to insure the prompt administration of justice." *Catlett,* 506 N.E.2d at 590. In this regard, it does not appear to make a difference whether the original suit was voluntarily dismissed in response to a Rule 103(b) motion or for some other reason. The plain-

tiff's lack of diligence in the first proceeding may be taken into account even where the first dismissal was for lack of prosecution. *Muskat,* 118 Ill.Dec. at 457, 521 N.E.2d at 935.[7]

■ Another relevant timing factor is whether the lack of diligence occurred before or after the expiration of the applicable limitations period. *Cf. Aranda,* 6 Ill.Dec. at 850–53, 363 N.E.2d at 797–99 (no Rule 103(b) dismissal where voluntary dismissal occurred two months before statute had run) with *O'Connell,* 97 Ill.Dec. at 451, 454 492 N.E.2d at 1324, 1327 (Rule 103(b) issue remanded where initial complaint was filed on last possible day under statute of limitations and voluntary dismissal occurred eight months later).[8]

■ In addition to studying the various time frames at issue, a number of other factors must also be considered in light of the purpose of Rule 103(b) to "promote expeditious handling of suits by giving trial courts wide discretion to dismiss when service is not effected with reasonable diligence." *Segal,* 144 Ill.Dec. at 361, 555 N.E.2d at 720. These factors include: the activities of plaintiff; plaintiff's knowledge of defendant's location; the ease with which defendant's whereabouts could have been ascertained; actual knowledge on the part of the defendant of pendency of the action as a result of ineffective service; special circumstances which would affect plaintiff's efforts; and actual service on defendant. *Id.*

■ In addition, the court may consider the lack of prejudice to the defendant in deciding whether to dismiss the plaintiff's case. Thus, the Illinois Supreme Court in *Womick* made it clear that actual notice to the defendant of the lawsuit which results in a consequent lack of prejudice is "significant," but only one of many factors to be considered. *Womick,* 148 Ill.Dec. at 721, 561

---

7. If, however, the plaintiff could affirmatively show that there was a valid reason for voluntarily dismissing the original complaint other than to extend the time for service, this would presumably weigh in the plaintiff's favor, although the Court has not found any cases dealing with this factual situation.

8. This factor is also dispositive on the issue of whether the case should be dismissed with or without prejudice. *See* 87 Ill.2d R. 103(b). For further discussion, see the remedy section below.

N.E.2d at 27. *Segal,* on the other hand, could be read as *requiring* the defendant to show prejudice in order to obtain a dismissal with prejudice under Rule 103(b). The court there noted that a dismissal with prejudice is justified "when the delay in service of process is of a length which denies a defendant 'a fair opportunity to investigate the circumstances upon which liability against [the defendant] is predicated while the facts are accessible.'" 144 Ill.Dec. at 362, 555 N.E.2d at 721.

However, this would be a misreading of the *Segal* opinion. The plaintiff's delay in *Segal* lasted only four and a half months but took place entirely after the running of the limitations period. *Id.* 144 Ill.Dec. at 360, 555 N.E.2d at 719. Thus, a dismissal under Rule 103(b) would have to be "with prejudice." The Illinois Supreme Court noted that such a short period of time did not threaten the circuit court's "ability to 'proceed expeditiously to a just resolution of the matter before it'" because cases in Cook County typically take years to resolve. *Id.* 144 Ill.Dec. at 362, 555 N.E.2d at 721. Thus, the mere length of the delay was the dispositive factor in favor of the plaintiff, and the case was a rather simple one for the court.

The court's additional language concerning dismissal with prejudice being a "harsh penalty" was merely intended to show that where the delay in service is "equal to or shorter than the delay present in this case [19 weeks]," a dismissal with prejudice might *still* be appropriate if the delay caused the facts to become inaccessible and thus prejudiced the defendant's fair opportunity to investigate the claim. *Id.* Thus, the court was not indicating that lack of prejudice can be a dispositive factor in denying a Rule 103(b) motion; on the contrary, it was stating in dicta that the *existence* of prejudice might still warrant a Rule 103(b) dismissal despite a relatively short delay in service.

If there was any doubt about this reading of the *Segal* opinion, it was put to rest by the Illinois Supreme Court's decision one week later in *Womick* where it expressly noted that a lack of prejudice is but one factor to be considered by the trial court in ruling on a Rule 103(b) motion. 148 Ill.Dec. at 721, 561 N.E.2d at 27. *See also Segal,* 144 Ill.Dec. at 365–66, 555 N.E.2d at 724–25 (Ryan, J., dissenting) (citing cases to the effect that the established law in Illinois is that "it is not necessary for the defendant to show that he was prejudiced by the plaintiff's delay").

### Did Plaintiffs Here Violate Rule 103(b)?

 Plaintiffs filed their original complaint in the circuit court on January 23, 1992, the day before the eight year statutory period of repose for minors was due to expire.[9] Plaintiffs did nothing in the case for the next eight months. No service was ever attempted on Defendant. At a July 23, 1992, progress call, the trial judge continued the case to September 24, 1992, as a "final date." That day, in an apparent attempt to avoid an involuntary dismissal for lack of prosecution (or a *sua sponte* Rule 103(b) motion), Plaintiffs moved for a voluntary dismissal pursuant to 735 ILCS 5/2–1009 which the trial court granted. Almost eleven months later, on August 17, 1993, Plaintiffs refiled their action in federal court pursuant to 735 ILCS 5/13–217, and served Henderson within eight days. It was only then that Henderson received notice of the lawsuit and was able to move for a Rule 103(b) dismissal.

An initial review of the relevant factors to be used in determining a Rule 103(b) motion to dismiss reveals that they weigh heavily in favor of Defendant here. Three of the four relevant time periods are excessive. Plaintiffs did not serve Defendant in the initial action for eight months. They waited an additional eleven months to refile the case in federal court. Thus, a total of nineteen months was expended from the time that the

9. Plaintiffs concede that Rule 103(b) applies equally to statutes of repose as to statutes of limitation. *See* Plaintiff's Brief on Legal Disability Tolling Limitations Statute, at 3. Indeed, Rule 103(b) has been broadly construed to apply to actions which are not, strictly speaking, governed by a statute of limitations. *See, e.g., Curtis* *v. Pekin Ins. Co.,* 105 Ill.App.3d 561, 61 Ill.Dec. 402, 405, 434 N.E.2d 555, 558 (4th Dist.1982) (contractual limitations clause in fire insurance policy); *People ex rel. Margetich v. McCarroll,* 97 Ill.App.3d 502, 53 Ill.Dec. 74, 75, 423 N.E.2d 266, 267 (3d Dist.1981) (paternity actions).

initial complaint was filed until the time that Defendant was actually served. Moreover, as explained more fully below, the Court finds that Plaintiff's lack of diligence occurred entirely after the running of the applicable statute of repose in this case. This fact makes the lack of diligence even more egregious.

The Court further notes that Plaintiffs made absolutely no effort to serve Defendant during this nineteen month period of time even though they clearly knew how to locate him. Not only was Henderson's office number continuously listed in the phone directory, he also was continually registered as a physician with the State of Illinois. Moreover, the fact that Patricia Hinkle sent a letter to Henderson's office on February 25, 1992, and spoke with someone on the phone there, demonstrates her actual knowledge of Defendant's whereabouts. Plaintiffs' obvious intention to keep Henderson in the dark about their lawsuit is inexcusable as it defeats the very purpose of Rule 103(b): to "promote expeditious handling of suits." *Segal,* 144 Ill.Dec. at 361, 555 N.E.2d at 720.

Courts have found Rule 103(b) violations in less egregious circumstances where the delay in service was shorter or the plaintiff had made some attempt to serve the defendant in a timely manner. *See, e.g., Womick,* 148 Ill.Dec. at 722–23, 561 N.E.2d at 28–29 (nine month delay); *Sinn,* 184 Ill.Dec. at 59–60, 612 N.E.2d at 935–36 (eight month delay); *Jones v. Shallow,* 201 Ill.App.3d 594, 147 Ill.Dec. 128, 129–30, 559 N.E.2d 128, 129–30 (1st Dist.1990) (thirteen month delay and plaintiff had unsuccessfully attempted to serve defendant twice during this time); *Riopelle v. Northwest Community Hosp.,* 195 Ill.App.3d 750, 142 Ill.Dec. 479, 480, 483, 552 N.E.2d 1220, 1221, 1224 (1st Dist.1990) (plaintiff voluntarily dismissed complaint after two months, refiled two months later, and served defendants within three and a half months of refiling); *Paglis v. Black,* 178 Ill. App.3d 1062, 128 Ill.Dec. 186, 187, 188, 534 N.E.2d 206, 207–08 (3d Dist.) (five and a half month delay), *appeal denied,* 126 Ill.2d 561, 133 Ill.Dec. 670, 541 N.E.2d 1108 (1989); *Penrod,* 103 Ill.Dec. at 346, 348, 501 N.E.2d at 369 (seven month delay); *Luebbing,* 18 Ill.Dec. at 194, 377 N.E.2d at 347 (ten month delay).

Plaintiffs point to six factors that they believe warrant the denial of the Rule 103(b) motion: (1) Plaintiffs were diligent in serving summons in the refiled action; (2) Plaintiffs were diligent in eliminating six of the seven initial claims in the refiled action; (3) Defendant and his insurance carrier possessed knowledge of the substantial potential for litigation prior to the filing of the instant lawsuit; (4) the delay in service of process did not deny Defendant a fair opportunity to investigate the circumstances of this case while those facts and circumstances were accessible; (5) any lack of diligence occurred prior to the expiration of the limitations period; and (6) Illinois has a public policy in favor of hearing the claims of minors on their merits. The Court will analyze each of these factors in turn.

First, Plaintiffs claim that they were reasonably diligent in serving Defendant within eight days of the refiled action and point out that the Illinois Supreme Court has stressed the importance of this factor in the Rule 103(b) analysis. *See Martinez,* 129 Ill.Dec. at 92–93, 535 N.E.2d at 857–58; *Aranda,* 6 Ill.Dec. at 851–52, 363 N.E.2d at 798–99. However, as discussed above, timely service after the filing of the second suit is not dispositive of the reasonable diligence inquiry. If it were, every plaintiff could wait years to serve their initial complaint and then take an additional year under 13–217 to refile her claim with impunity. This is precisely the result to be avoided under Rule 103(b) and the reason that cases like *O'Connell* and *Catlett* emphasize the ability of the court in the refiled action to take into account the lack of diligence in the *original* action when ruling upon such a motion. *Id.* 106 Ill.Dec. at 790, 506 N.E.2d at 590; *O'Connell,* 97 Ill.Dec. at 454, 492 N.E.2d at 1327. The more important inquiry is whether Plaintiffs have used section 2–1009 and 13–217 to avoid the consequences of Rule 103(b). *Catlett,* 106 Ill.Dec. at 790, 506 N.E.2d at 590. Plaintiffs' failure to give a reasonable explanation for their nineteen month delay in serving Defendant supports such a conclusion here.

Plaintiffs' second ground is that they eliminated six of the seven claims in the refiled Complaint, thus streamlining the litigation process. The intended implication is that Plaintiffs were busy whittling down their possible claims during the nineteen month period after the initial complaint was filed. However, this is something that they should have done prior to the time that the Complaint was initially filed. Lack of diligence in narrowing one's legal grounds for relief does not excuse Plaintiff's lack of diligence in properly serving Defendant under Rule 103(b).

The Court acknowledges that in late April or early May of 1993, Plaintiffs' former counsel who had filed and voluntarily dismissed the initial complaint in state court withdrew from the case at Plaintiffs' behest and was replaced by Plaintiffs' current counsel [Doc. # 26]. Yet, this retaining of new counsel did not occur until fifteen months after the initial complaint had been filed. Even then, current counsel waited an additional four months before filing suit. While the need for further investigation and review of documents may help explain the additional four month delay, Plaintiffs must live with their choice to switch counsel in midstream.[10] Moreover, this factor certainly does not excuse the original fifteen month delay in service. *See Sinn,* 184 Ill.Dec. at 59–60, 56, 612 N.E.2d at 935–36 (finding Rule 103(b) violation where plaintiff retained new counsel but failed to serve defendant for an additional four and a half months).

Third, Plaintiffs assert that Defendant and his insurance carrier possessed knowledge of the substantial potential for litigation prior to the filing of the instant lawsuit. However, the undisputed facts in the record reveal that Defendant had no actual knowledge of the lawsuit pending against him. Henderson testified that his insurance carrier requires him to provide it with copies of all medical authorizations received from lawyers that "have a tone of a malpractice suit." However, despite two requests for Patricia Hinkle's medical records, he never notified his insurance company of any possible claim until November 22, 1993, after the instant lawsuit had been filed.[11] Henderson also swore that he had never heard of the instant lawsuit until November 22, 1993, when his attorney informed him that he had been served in August of that year.[12] On this record, the Court cannot conclude that Plaintiffs have met their burden of establishing that Defendant had actual knowledge of the pending lawsuit prior to August 25, 1993, when he was served with the instant Complaint. *Segal,* 144 Ill.Dec. at 361, 555 N.E.2d at 720; *Tischer,* 206 Ill.Dec. at 743, 645 N.E.2d at 995.

Fourth, Plaintiffs argue that "the delay in service of process did not deny Defendant a fair opportunity to investigate the circumstances of this case while those facts and circumstances were accessible." Plaintiffs lift this language directly from *Segal.* 144 Ill.Dec. at 362, 555 N.E.2d at 721. However, as previously discussed, that language was merely dicta indicating that a relatively short delay in service which results in actual prejudice to the Defendant may warrant a Rule 103(b) dismissal with prejudice. No other Illinois Supreme Court decision has required a showing of prejudice to the defendant to warrant a Rule 103(b) dismissal. As clearly indicated by the Illinois Supreme Court in *Womick,* lack of prejudice to Defendant is but one factor to be considered by the trial court in ruling on a Rule 103(b) motion. 148 Ill.Dec. at 721, 561 N.E.2d at 27.

Here, it is far from clear that Plaintiffs' nineteen month delay in effecting service upon Defendant did not deny him a fair

---

10. It is important to note that Plaintiffs do *not* claim legal malpractice by their former counsel to be a "special circumstance" justifying the delay in service here.

11. While certain portions of Henderson's deposition appear to state that he did forward these requests to his insurance carrier, he also testified that he did not actually recall doing so. The carrier itself has no such records in their file.

12. It is unclear why Henderson was not aware of the lawsuit until November of 1993 when he had been served two months earlier. Apparently, there were two simultaneous lawsuits by Plaintiffs proceeding at that time and Henderson may have been confused. In any event, Plaintiffs do not attack Henderson's credibility on this point.

opportunity to investigate the circumstances of this case while those facts and circumstances were accessible. Even if it did not, the lack of prejudice cannot be dispositive, as the true focus is upon the Plaintiffs' reasonable diligence in effecting service. *Id.; Segal,* State v. Lott, 51 Ohio St.3d 160, 161, 555 N.E.2d 293, 295–96 (Ryan, J., dissenting); *Tischer,* 206 Ill.Dec. at 743, 645 N.E.2d at 995; *Sinn,* 184 Ill.Dec. at 61, 612 N.E.2d at 937. Plaintiffs' utter failure to provide a reasonable explanation for the nineteen month delay in service outweighs any possible lack of prejudice to Defendant in this case. *Womick,* 148 Ill.Dec. at 721, 561 N.E.2d at 27.

Fifth, Plaintiffs contend that any lack of diligence occurred prior to the expiration of the limitations period. Of course, if the eight year statute of repose for minors applies here, 735 ILCS 5/13–212 (b), that would not be true. The initial lawsuit was filed the day before that period of repose expired. Thus, any lack of diligence in service would have occurred entirely outside of the statute of repose. To avoid this result, Plaintiffs contend for the first time in this case that their suit was tolled pursuant to 735 ILCS 5/13–212(c) on the basis that Tomra Hinkle has a legal disability. Plaintiffs argue that because Tomra continues to have this legal disability, the statutory period of repose has yet to run and any lack of diligence occurred prior to the running of that period.

However, the Court finds that Plaintiff has waived any such claim. Plaintiffs never once mentioned the legal disability tolling provision until after the Seventh Circuit's remand of the Rule 103(b) matter to this Court.[13] It is clear that Plaintiffs' initial position was that the statutory repose period for minors applied to this case. The initial Complaint was filed only one day before such period expired. After having nineteen additional months in which to modify their legal theory, Plaintiffs never once argued to this Court that section 13–212(c) had any bearing upon the instant matter.

On the contrary, the issue previously decided by this Court and the Seventh Circuit involved section 13–217's effect upon the statute of repose for minors found in section 13–212(b). The fact that the Court never reached the Rule 103(b) issue previously and the case had to be remanded by the Seventh Circuit is not an invitation to Plaintiffs to raise new legal theories now. While the Magistrate Judge was apparently more sympathetic in this regard, this Court does not believe that such leeway can be afforded to Plaintiffs who have already taken their procedural opportunities beyond their proper limits.

Even if Tomra Hinkle's legal disability could be used to toll the statute, the fact that Plaintiff's lack of diligence in serving Defendant occurred prior to the running of the limitations period would not change the Court's position on the Rule 103(b) issue. This is only one of many factors to be considered in determining the extent of Plaintiffs' diligence in this action. Simply because a tolling provision might apply here does not excuse Plaintiffs' lengthy delay in serving Defendant when they knew his exact location and when he had no actual knowledge of the lawsuit pending against him. Although the question would be a closer one, it would not warrant a denial of the motion to dismiss.

▮ Finally, Plaintiffs assert that Illinois public policy supports the view that minors should have their day in court and that claims not timely pursued by their personal representatives should not be barred. *Dachs v. Weiss Memorial Hosp.,* 156 Ill.App.3d 465, 108 Ill.Dec. 793, 794–95, 509 N.E.2d 489, 490–91 (1st Dist.1987) *citing Wilbon v. D.F. Bast Co., Inc.,* 73 Ill.2d 58, 22 Ill.Dec. 394, 382 N.E.2d 784 (1978). Thus, minors with meritorious legal actions will not be left to the "whims of self-constituted next friends to enforce their rights." *Id.* 108 Ill.Dec. at 795, 509 N.E.2d at 491 *citing Severs v. Country Mut. Ins. Co.,* 89 Ill.2d 515, 61 Ill.Dec. 137, 434 N.E.2d 290 (1982); *McDonald v. City of Spring Valley,* 285 Ill. 52, 120 N.E. 476 (1918).

---

13. While Plaintiffs did point out that Tomra was unable to protect her interests because of her "age, her blindness and her mental handicap" [Doc. # 17, at 9], this was not enough to alert the Court that section 13–212(c) had come into play here.

While the Court acknowledges the existence of such a policy, it finds it inapplicable here. Such a policy only comes into play when the legislature has not expressly limited the rights of minors to bring suit. For instance, in *Dachs,* the court invoked the policy where it was unclear whether the legislature intended that section 13–212 be applicable to minors who held a derivative claim as a beneficiary under the Wrongful Death Act. *Id.* Here, by contrast, Tomra Hinkle has alleged a direct injury due to Henderson's malpractice. Section 13–212 expressly provides that the period of repose for minors with direct injuries is eight years. 735 ILCS 5/13–212(b). There is no reason to resort to Illinois public policy to define the limits of such a claim. *See also Bernstein v. Gottlieb Memorial Hosp.,* 185 Ill.App.3d 709, 134 Ill. Dec. 20, 26, 542 N.E.2d 20, 26 (1st Dist.1989) ("There is nothing in the case law, rules or statutes to suggest that the due diligence mandated by Rule 103(b) is inapplicable to [ ] minors and those under legal disabilities"), *appeal denied,* 128 Ill.2d 661, 139 Ill.Dec. 510, 548 N.E.2d 1066 (1989).

Nor is section 13–212(b) itself unconstitutional. As noted in *Thompson v. Franciscan Sisters Health Care Corp.,* 218 Ill.App.3d 406, 161 Ill.Dec. 162, 164–65, 578 N.E.2d 289, 291–92 (3rd Dist.1991):

No authority has been presented to this court for the proposition that due process requires that the statute of limitations protect an injured minor from the failure of a parent or guardian to pursue the minor's interest in a timely fashion. The legislature, when faced with the need to set some reasonable time limits on medical malpractice claims, could reasonably assume that parents and guardians would look after the interests of the affected minors, and it was not a violation of the minors' due process rights for it to make this assumption.

Plaintiffs here, as Tomra's parents and legal guardians, chose to pursue an action on her behalf. The fact that the parents and their counsel failed to act reasonably diligent under Rule 103(b) does not entitle the minor child to another shot at bringing a lawsuit.

Because all of these factors, viewed under the totality of the circumstances and in light of the entire history of the case, reveal that Plaintiffs have not been reasonably diligent in serving Defendant, the Court agrees with the Magistrate Judge's finding that Plaintiffs have violated Rule 103(b) here.

### *What is the Appropriate Remedy?*

██ Rule 103(b) itself provides the structure for dispensing a remedy for its violation:

If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice.

87 Ill.2d R. 103(b). As discussed previously, the statutory period of repose for minors applies to this lawsuit. 735 ILCS 5/13–212(b). Because Plaintiffs' initial Complaint was filed the day before this statute expired, their failure to exercise reasonable diligence occurred entirely after the expiration of the period of repose and Rule 103(b) dictates that the dismissal must be "with prejudice." *Womick,* 148 Ill.Dec. at 721, 561 N.E.2d at 26, 29. In this respect, the Court must respectfully reject the recommendation of the Magistrate Judge.

██ Even assuming *arguendo* that the tolling statute for legal disabilities applied here, *id.* § 5/13–212(c), and dictates a dismissal "without prejudice" under Rule 103(b),[14] the Court would still reach the same result under Illinois' "single refiling rule." Under that rule, section 13–217 permits only one refiling even in a case where the applicable statute of limitations has not yet expired. *Timberlake v. Illini Hosp.,* 175 Ill.2d 159, ——, 221 Ill.Dec. 831, 832, 676 N.E.2d 634, 636 (1997) (not yet released for permanent publication); *E.H. Flesner v. Youngs Dev.*

14. The Court does not believe that a lesser sanction than dismissal is warranted on the instant record. Thus, the Court need not reach the issue whether Rule 103(b) allows for lesser alternative sanctions than a dismissal without prejudice.

*Co.,* 145 Ill.2d 252, 164 Ill.Dec. 157, 157–58, 582 N.E.2d 720, 720–21 (Ill.1991); *see also Bernstein,* 134 Ill.Dec. at 24–25, 542 N.E.2d at 24–25 (refusing to permit a minor to engage in multiple filings under section 13–217 despite the Illinois public policy in favor of minors); *Howard v. Francis,* 204 Ill.App.3d 722, 150 Ill.Dec. 69, 71, 562 N.E.2d 599, 601 (3d Dist.1990) (rejecting the idea that incompetent minor could refile his claims so long as they were within the applicable tolling period), *appeal denied,* 142 Ill.2d 654, 164 Ill.Dec. 917, 584 N.E.2d 129 (1991). Thus, for the sake of judicial economy, the Court would dismiss this case with prejudice on the basis of the single refiling rule.

In a bold move, Plaintiffs acknowledge that the single refiling rule would prevent them from refiling another action even if this case is dismissed without prejudice, but go on to argue that this is a reason for denying the Rule 103(b) motion altogether. Plaintiffs reason that Rule 103(b) expressly provides for a dismissal without prejudice in the event that the statute of limitations has not yet run. Implicit in this remedy is the idea that dismissal with prejudice would be too harsh a penalty in such a situation. Thus, it would defeat the very purpose of Rule 103(b) to dismiss this case without prejudice when the single refiling rule would in effect turn such a dismissal into one with prejudice.

The Court does not accept such logic. The single refiling rule may render an unfortunate result for Plaintiffs here, but that result is independent of the Rule 103(b) analysis and does not excuse Plaintiffs' lack of diligence in serving Defendant. Plaintiffs' own actions have placed themselves in the precarious position they now occupy, and the Court refuses to use abstract principles of equity to reject an otherwise sound analysis.

Plaintiffs further argue that this Court in the refiled action is merely determining what the Court in the prior action should have done had a Rule 103(b) motion been before it. In this case where the statute of limitations had not yet run, the Court would have had to dismiss the case without prejudice. Thus, it is only the fortuitous event that the Rule 103(b) issue was not reached in the prior action and Plaintiffs decided to refile their lawsuit that allows the single refiling rule to be applied here.

Once again, the Court finds such reasoning flawed. The state court in the prior action had no *obligation* to reach the Rule 103(b) issue and only in the twisted view of hindsight could Plaintiffs have wanted the court to do so. If Plaintiffs were so confident that the statute had not yet run, they could have asked the state court in the prior action to reach the Rule 103(b) issue so that the single refiling rule would not apply. Alternatively, Plaintiffs could simply have served Defendant in a timely manner. Plaintiffs' failure to choose either of these routes does not provide an equitable excuse in the present action. *See Tischer,* 206 Ill.Dec. at 744, 645 N.E.2d at 996 (noting that Rule 103(b) dismissal of refiled complaint was "necessarily with prejudice" under the single refiling rule "regardless of whether the applicable statute of limitations has expired").

Contrary to Plaintiffs' contention, this Court is not reviewing their lack of diligence in the prior action only, but also their lack of diligence between the time of voluntary dismissal of the first suit and the refiling of the second suit.[15] only in this manner can the Court review Plaintiff's diligence "in light of the entire history of the case," *Martinez,* 129 Ill.Dec. at 93, 535 N.E.2d at 858, in order to determine whether Plaintiffs intended to defeat the purpose of Rule 103(b) by exercising their rights to voluntary dismissal and refiling of their claim. *Catlett,* 106 Ill.Dec. at 790, 506 N.E.2d at 590. Plaintiffs' nineteen month delay in service is even more egregious than the original eight month violation in the first lawsuit and deserves whatever consequences it may entail. It is not a reason for letting Plaintiffs completely off the hook.

---

**15.** *Cf. Womick,* 148 Ill.Dec. at 721, 722 561 N.E.2d at 27–28 (where court in second action vacated voluntary dismissal in first suit pursuant to 735 ILCS 5/2–1401, court properly considered only the lack of diligence in service in the first action). No such vacatur occurred in the instant lawsuit.

*CONCLUSION*

IT IS THEREFORE ORDERED that Plaintiff Tomra Hinkle's Objection [Doc. # 68] is **DENIED,** and Defendant William Henderson's Objection [Doc. # 67] is **GRANTED.** The Report and Recommendation of the Magistrate Judge [Doc. # 66] is **ADOPTED in part and REJECTED in part.**

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss [Docs. # 4, 8, 16] is **GRANTED.** Plaintiff's Complaint is **DISMISSED with prejudice.** The Clerk is ordered to **TERMINATE** this case.